IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH §§§§ Plaintiffs § § vs. § § ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION §§§§§ Defendants § | CASE NO. 206 CV 272 PATENT CASE |

## MEMORANDUM OPINION AND ORDER

Before the Court is Dell Marketing L.P.'s ("DLMP") Motion to Intervene (Docket No. 44). Having considered the parties' written arguments, the Court **GRANTS** the motion. The Court **DENIES as moot** Dell Inc. and DLMP's Request for a Ruling on the motion to intervene (Docket No. 62).

## ANALYSIS

Mass Engineered Design, Inc. and Jerry Moscovitch (collectively "MASS") brought this patent infringement suit against several entities, including Dell Inc., claiming they infringe U.S. Patent No. RE 36,978 (the "'978 patent"). The '978 patent relates to a dual display system. The display system includes a base, a pair of electronic displays, and an arm assembly that supports the displays from the base in vertical or horizontal registration.

DLMP is an indirect wholly-owned subsidiary of Dell Inc. that performs sales and marketing activities on behalf of Dell Inc. DMLP seeks to permissively intervene in this action to assert U.S. Patent No. 5,673,170 (the "'170 patent") against MASS. The '170 patent relates to secondary display system for a computer and is one of the references cited on the face of the '978 patent.

DLMP argues that the '170 patent is relevant prior art to the '978 patent and may invalidate the '978 patent. DLMP contends the subject matter of the two patents is sufficiently related that they should be tried in one suit.

MASS does not oppose intervention and assertion of the '170 patent for purposes of discovery and trial preparation, but argues the patents should not be tried together. MASS argues the two patents should be bifurcated for separate trials because otherwise the trial would be unnecessarily complicated and more complex for the jury.

Federal Rule of Civil Procedure 42(b) states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(b). MASS argues that including the '170 patent in the trial of the '978 patent will unnecessarily complicate and confuse the jury. However, it is clear from DLMP's arguments that even if infringement of the '170 patent is not adjudicated in the same trial of the '978 patent, the '170 patent would still be at issue in the trial of the '978 patent as possibly invalidating prior art. If that is the case, adjudicating infringement of the '170 patent in a separate trial would not be "convenient" or "conducive to expedition and economy." Accordingly, the Court **GRANTS** the motion to intervene and **DENIES** without prejudice the request to bifurcate at this time. The Court is willing to reconsider the request prior to trial if MASS can show that bifurcation would be more convenient or conducive to expediting the case.

## CONCLUSION

The Court **GRANTS** DLMP's motion to intervene. The Court **ORDERS** the parties to

submit, within ten days of this Order, a proposed revised Docket Control Order with dates that will allow the '170 patent to be construed at the *Markman* hearing on November 29, 2007.

**So ORDERED and SIGNED this 11th day of May, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**