# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, <br><br> Plaintiffs, <br> Counter-defendants, <br><br> v. <br><br> ERGOTRON, INC., CDW CORPORATION, TECH DATA CORPORATION, DELL INC., <br><br> Defendants, <br> Counterclaimants <br><br> and <br><br> DELL MARKETING L.P., <br><br> Defendant, <br> Counterclaimant. | CASE NO.: 2-06CV-272 (LED) <br><br> JURY TRIAL DEMANDED |

### DEFENDANT DELL MARKETING L.P.'S ANSWER AND COUNTERCLAIMS TO MASS ENGINEERED DESIGN, INC.'S AND JERRY MOSCOVITCH'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Rules 7(a) and 24(b) of the Federal Rules of Civil Procedure, defendant and counterclaimant Dell Marketing L.P. ("DMLP") submits the following Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Mass Engineered Design, Inc. and Jerry Moscovitch's (collectively "MED") First Amended Complaint for Patent Infringement ("the Complaint"):

## I. ANSWER

### THE PARTIES

1. DMLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies them.

2. DMLP's ultimate parent corporation is DELL Inc. ("DELL"). DMLP admits that DELL has principal executive offices at One Dell Way, Round Rock, Texas 78682. DMLP denies all remaining allegations in paragraph 2 of the Complaint.

3. DMLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and on that basis denies them.

4. DMLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies them.

5. DMLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies them.

6. DMLP admits that it is a Texas limited partnership with a place of business at One Dell Way, Round Rock, Texas 78682.

7. There are no allegations of fact in paragraph 7.

## JURISDICTION AND VENUE

8. DMLP admits that the Complaint purports to state a cause of action over which this court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because it purports to recite claims arising under United States Code Title 35. DMLP also admits that the Complaint purports to state that venue in this case is proper in the Eastern District of Texas ("District") under 28 U.S.C. § 1391. DMLP admits that it has done business in this District. DMLP denies it has committed acts of infringement in this District and DMLP denies it continues to commit acts of infringement in this District. DMLP denies MED is entitled to relief. DMLP denies any and all remaining allegations contained in paragraph 8 of the Complaint.

## INFRINGEMENT OF U.S. PATENT NO. Re 36,978

9. DMLP acknowledges that United States Patent No. Re 36,978 ("the '978 Patent") bears the title "Dual Display System" and a reissue date of December 5, 2000. DMLP acknowledges that the '978 Patent bears information reflecting that United States Patent No. 5,687,939 was purportedly issued November 18, 1997. DMLP lacks knowledge or information

sufficient to form a belief as to the truth of the allegations purporting to show Jerry Moscovitch is the sole owner of the '978 Patent, that Jerry Moscovitch has exclusively licensed the '978 Patent to Mass Engineered Design, Inc. or that MED hold all rights and interest in the '978 Patent and on that basis denies them.  DMLP denies any and all remaining allegations contained in paragraph 9 of the Complaint.

10. DMLP denies the allegations set forth in paragraph 10 of the Complaint to the extent they apply to DMLP.  DMLP lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in paragraph 10 of the Complaint and on that basis denies them.

11. DMLP denies the allegations set forth in paragraph 11 of the Complaint to the extent they apply to DMLP.  DMLP lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in paragraph 11 of the Complaint and on that basis denies them.

12. DMLP denies the allegations set forth in paragraph 12 of the Complaint to the extent they apply to DMLP.  DMLP lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in paragraph 12 of the Complaint and on that basis denies them.

13. DMLP denies the allegations set forth in paragraph 13 of the Complaint to the extent they apply to DMLP.  DMLP lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in paragraph 13 of the Complaint and on that basis denies them.

14. DMLP denies the allegations set forth in paragraph 14 of the Complaint.

15. DMLP denies the allegations set forth in paragraph 15 of the Complaint to the extent they apply to DMLP.  DMLP denies that MED is entitled to any of the relief it has requested in paragraph 15 of the Complaint.  DMLP lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in paragraph 15 of the Complaint and on that basis denies them.

16. DMLP admits that DMLP is an entity which performs some sales and marketing on behalf of DELL. DMLP lacks knowledge or information sufficient to form a belief as to all allegations related to Ergotron contained in paragraph 16 of the Complaint, and on that basis denies them. DMLP denies and any all remaining allegations contained in paragraph 16 of the complaint.

## JURY DEMAND

17. DMLP acknowledges that MED has requested a Jury Trial in paragraph 17 of the Complaint.

## PRAYER FOR RELIEF

DMLP denies that MED is entitled to any of the relief it has requested in paragraphs a)-h) of the Prayer for Relief in the Complaint.

## II. AFFIRMATIVE DEFENSES

1. DMLP asserts the following affirmative and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE:

2. DMLP does not and/or has not directly or indirectly infringed any claim of U.S. Patent No. Re 36,978 ("the '978 Patent"), either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE:

3. Each claim of the '978 Patent is invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 251.

## THIRD AFFIRMATIVE DEFENSE:

4. MED is barred from asserting the '978 Patent against DMLP in whole or in part, by the doctrine of laches, estoppel, waiver, or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

5. MED has failed to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

6. MED's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

7. DMLP reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## SEVENTH AFFIRMATIVE DEFENSE

8. The '978 patent is unenforceable due to inequitable conduct. Jerry Moscovitch, the sole named inventor on the '978 patent made affirmative misrepresentations of material fact, and failed to disclose material information, with an intent to deceive the United States Patent and Trademark Office.

9. For example, at least as early as 1993, more than one year prior to the priority date of the '978 patent, Engineered Design Inc. and/or EDI Industries Ltd. (referred to herein, individually and collectively, as "EDI") was aware of a device that included two monitors which, upon information and belief, may tilt towards each other. Upon information and belief, this device was sold and/or offered for sale and/or made publicly known by EDI and/or Electrohome (a company working closely with EDI) to Bloomberg and by Bloomberg to other parties.

10. Further, upon information and belief, EDI, Mass Engineered Design, Inc. and Jerry Moscovitch, and/or Electrohome sold and/or offered for sale and/or made public other dual-monitor products to Bloomberg or others since at least 1993, and Bloomberg resold and/or offered for sale some of those products. Furthermore, upon information and belief, employees of Bloomberg were involved in the design of these dual-monitor products, and specifically designed or contributed to the design of the ball socket connection between the monitors and the device's support arm.

11. Upon information and belief, EDI was the predecessor to plaintiff Mass Engineered Design, Inc. and plaintiff Jerry Moscovitch was and is a principal of both companies.

12. A reasonable examiner would consider the possible inventorship activities of Bloomberg, the multiple monitor prior art devices, and the prior art sales activities of EDI, Electrohome, and/or Bloomberg important in deciding whether to allow the application to issue as a patent. In addition, this information creates a prima facie case of unpatentability of at least claim 16 and/or claim 17 of the '978 patent and is not cumulative to information of record in the application for the '978 patent.

13. Examples of the deceptive withholding of material information by Jerry Moscovitch include, but are not limited to, the fact that Jerry Moscovitch never disclosed the multiple monitor prior art devices, the sales activities of EDI, Electrohome, Mass, and/or Bloomberg, or the activities of Bloomberg in the design of the dual-monitor device during prosecution of the '978 patent or the predecessor to the '978 patent.

14. An example of an affirmative misrepresentation of a material fact includes, but is not limited to, the fact that Jerry Moscovitch submitted a declaration declaring himself the sole inventor of the predecessor to the '978 patent when seeking the reissue that led to the issuance of claims 16 and 17 of the '978 patent, even though Jerry Moscovitch knew of the contribution by employees of Bloomberg.

15. Upon information and belief, by withholding material information and affirmatively misrepresenting material facts, Jerry Moscovitch intended to deceive the United States Patent and Trademark Office in violation of his acknowledged duty of candor and good faith to the United States Patent and Trademark Office.

16. DMLP further alleges that claims 16 and 17 of the '978 patent are unenforceable due to inequitable conduct and/or fraud on the patent office. During the prosecution of the application that resulted in U.S. Patent No. 5,687,939 ("the '158 application"), the named inventor and his patent attorneys, individually or together, knew prior to the filing of the '158

application of material information which a reasonably competent patent examiner would have considered relevant to the question of patentability of one or more claims of the '978 reissue patent and intentionally and deceptively withheld such information from the patent examiner in violation of the acknowledged duty of candor and good faith to the United States Patent and Trademark Office.  Specifically, in a declaration filed in the application that resulted in the issuance of the '978 patent, Mr. Moscovitch acknowledged that he and his attorney were aware of certain material prior art prior to the filing of both the '158 application and the application that resulted in the '978 patent ("the '193 application").  Mr. Moscovitch did not provide this art to the patent examiner during the prosecution of the '158 application, nor did he do so in connection with the '193 application.  Mr. Moscovitch and his patent attorneys intentionally and deceptively withheld the prior art referred to by Mr. Moscovitch in his declaration from the patent examiner in each application in violation of the duty of candor and good faith.  On information and belief, Mr. Moscovitch and/or his attorneys also failed to disclose or provide to the patent office the EDI Industries, Ltd., Electrohome Electronics ("Electrohome"), and Bloomberg L.P. ("Bloomberg") prior art public uses, publications, offers for sale and sales of the LCD Dual Monitor Assembly, also known as the Bloomberg Terminal.  On information and belief, Mr. Moscovitch and/or EDI and/or MED had manufactured, offered for sale and sold to Electrohome and/or Bloomberg between 1993 and April 25, 1995 dual display systems incorporating the invention claimed in claims 16 and 17 of the '978 patent, knowing Bloomberg intended to publish, use and sell these systems to its customers in the United States and elsewhere.  In an effort to deceive the patent office, neither Mr. Moscovitch nor his attorneys disclosed to the patent office these prior art public uses, publications, offers for sale and sales of the LCD Dual Monitor Assembly.  On information and belief, Mr. Moscovitch did not himself solely invent the subject matter claimed in claims 16 and 17 of the '978 patent; rather, others, including but not limited to Bloomberg and Michael Bloomberg, invented in whole or in part the subject matter claimed in claims 16 and 17 of the '978 patent and disclosed such inventions to Mr. Moscovitch.  Notwithstanding Mr. Moscovitch's knowledge that he did

not himself invent the subject matter of claims 16 and 17 of the '978 patent, Mr. Moscovitch declared with deceptive intent to the United States Patent and Trademark Office on October 1, 1998, that he was the original and sole inventor of the invention claimed in the '939 patent and for which he sought issuance of claims 16 and 17 in the reissued '978 patent.

## III. COUNTERCLAIMS

## THE PARTIES

17. Counterclaimant DMLP is a Texas limited partnership, with its principal executive offices at One Dell Way, Round Rock, Texas 78682.

18. On information and belief, counter-defendant Mass Engineered Design, Inc. is a corporation organized and existing under the laws of Ontario, Canada.

19. On information and belief, Jerry Moscovitch is a resident of Ontario, Canada.

## JURISDICTION

20. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

## FIRST CLAIM FOR RELIEF:
## DECLARATION OF NON-INFRINGEMENT OF THE '978 PATENT

21. DMLP re-alleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

22. Based on Mass Engineered Design, Inc. and Jerry Moscovitch's (collectively "MED") filing of the Complaint and DMLP's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether any of DMLP's products, services or activities infringe any valid claim of the '978 Patent.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., DMLP requests a declaration from the Court that DMLP does not infringe any claim of the '978 Patent, either directly or indirectly.

## SECOND CLAIM FOR RELIEF:
## DECLARATION OF INVALIDITY OF THE '978 PATENT

24. DMLP re-alleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

25. Based on MED's filing of the Complaint and DMLP's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '978 Patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., DMLP requests a declaration from the Court that the claims of the '978 Patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, 112 and/or 251.

## THIRD CLAIM FOR RELIEF:
## DECLARATION OF UNENFORCEABILITY OF THE '978 PATENT

27. DMLP re-alleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

28. Based on Mass Engineered Design, Inc. and Jerry Moscovitch's (collectively "MED") filing of the Complaint and DMLP's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether any of DMLP's products, services or activities infringe any valid claim of the '978 patent.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., DMLP requests a declaration from the Court that the '978 patent is unenforceable due to inequitable conduct and/or fraud.

## FOURTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 5,673,170

30. DMLP incorporates by reference all of the preceding paragraphs as if fully set forth herein.

31. DMLP is an indirect wholly-owned subsidiary of Dell Inc.

32. On September 30, 1997, United States Patent No. 5,673,170 (the "'170 Patent" entitled "SECONDARY DISPLAY SYSTEM FOR COMPUTER" was duly and legally issued to David S. Register. By valid assignment, at the time of issuance, DELL U.S.A. L.P. was the owner of all right, title, and interest to the '170 Patent. By assignment, DMLP is now the owner of all right, title, and interest to the '170 Patent, including rights for redress of past infringement of the '170 Patent. A true and correct copy of the '170 Patent is attached hereto as Exhibit A.

33. MED has infringed and upon information and belief MED continues to infringe one or more claims of the '170 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display devices such as its MED C2H-19-A device, C4Q-19-D device, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. MED is liable for infringement of the '170 Patent pursuant to 35 U.S.C. § 271.

34. MED's infringement of the '170 Patent has been and continues to be deliberate and willful.

35. Notice of infringement of the '170 Patent has been given to MED.

36. MED's infringement of the '170 Patent has caused and continues to cause damage to DMLP in an amount to be proven at trial.

37. Unless enjoined by this Court, MED will continue to infringe the '170 Patent, and DMLP will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, DMLP is entitled to preliminary and/or permanent injunctive relief against such infringement.

## PRAYER FOR RELIEF

WHEREFORE, DMLP prays that this Court enter judgment in its favor and grant the following relief:

A. Dismissal of the Complaint with prejudice based on one or more of DMLP's affirmative defenses;

B.    A declaration that DMLP has not directly or indirectly infringed any claim of the '978 Patent;

C.    A declaration that the '978 Patent is invalid;

D.    A declaration that the '978 Patent is unenforceable;

E.    A judgment that all claims against DMLP be dismissed with prejudice;

F.    A judgment that MED take nothing by way of its Complaint;

G.    A judgment that the '170 Patent is owned by DMLP, is valid and enforceable, and has been infringed by MED;

H.    A judgment that MED has willfully infringed the '170 Patent;

I.    A permanent injunction enjoining MED, and its officers, agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations, and all those in privity or acting in concert with MED from further infringing the '170 Patent;

J.    An order awarding damages and costs to DMLP pursuant to 35 U.S.C. § 284;

K.    A judgment declaring this case to be exceptional in favor of DMLP under 35 U.S.C. § 285 and award to DMLP increased damages and its reasonable attorney fees and other expenses incurred in connection with this action other applicable law;

L.    An order granting to DMLP pre-judgment and post-judgment interest on all awards made; and

M.    An order awarding to DMLP of such further relief as the Court may deem appropriate.

## JURY DEMAND

Defendant and Counterclaimant DMLP demands a trial by jury.

-12-

| | |
|---|---|
| Dated: July 11, 2007 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: _____<br>M. Craig Tyler (Lead Attorney)<br>Texas State Bar No. 00794762<br>ctyler@wsgr.com<br>SCOTT T. MORRIS<br>Texas State Bar No. 24004829<br>smorris@wsgr.com<br>BRIAN A. DIETZEL<br>Texas State Bar No. 24040804<br>bdietzel@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>8911 Capital of Texas Hwy.,<br>Westech 360, Ste. 3350<br>Austin, TX 78759<br>Telephone: (512) 338-5400<br>Facsimile: (512) 338-5499<br><br>Attorneys for Defendant and<br>    Counterclaimant DELL MARKETING L.P. |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 11th day of July, 2007.

_M. Craig Tyler_

M. Craig Tyler