**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, <br><br> Plaintiffs, <br> Counter-defendants, <br><br> v. <br><br> ERGOTRON, INC., CDW CORPORATION, TECH DATA CORPORATION, and DELL INC, <br><br> Defendants, <br> Counterclaimants, <br><br> and <br><br> DELL MARKETING L.P., <br><br> Intervenor-Defendant and Counterclaimaint. | CASE NO.: 2-06CV-272 (LED) <br><br> JURY TRIAL DEMANDED |

**DEFENDANT DELL INC.'S MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO COMPLY WITH 35 U.S.C. § 112, ¶ 2 (INDEFINITENESS)**

Dell Inc. ("Dell") hereby respectfully moves this Court under Fed. R. Civ. P. 56 that this Court rule that claims 16 and 17 of United Stated Patent No. RE 36,978 are invalid for failing to satisfy the requirements of 35 U.S.C. § 112, ¶ 2.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

    A. Claims 16 and 17 of the '978 Patent Include the Limitation That Displays are Angled Toward/Relative to Each Other "to a Desired Degree." ...................... 2

    B. The "to a Desired Degree" Limitation Does Not Appear in the Specification. ........................................................................................................... 2

    C. The Prosecution History Does Not Impart Meaning to the "to a Desired Degree" Limitation. ........................................................................................... 3

    D. Moscovitch Proposes in the Alternative that the Limitations Including the Phrase "to a Desired Degree" Should be Construed to Mean "Selected by the Viewer." ...................................................................................................... 4

III. ARGUMENT .................................................................................................................. 5

    A. Indefiniteness Is a Purely Legal Issue Suitable for Summary Judgment. ................ 5

    B. Claims Are Indefinite if They Are Completely Dependent Upon a Person's Subjective Opinion ............................................................................................ 5

    C. Claims 16 and 17 Require That Displays Be Permitted to Be Angled "to a Desired Degree." ............................................................................................... 6

    D. The "to a Desired Degree" Limitation is Wholly Subjective, Which Renders Claim 16 and 17 Invalid as Indefinite ...................................................... 6

    E. Moscovitch's Proposed Construction Ignores the "to a Desired Degree" Limitation and Mass' Extrinsic Evidence Shows the Subjective Nature of the "to a Desired Degree" Limitation. ............................................................... 7

IV. CONCLUSION ............................................................................................................... 8

## **TABLE OF AUTHORITIES**

### **CASES**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................ 5

*Datamize, LLC v. Plumtree Software, Inc*., 417 F.3d 1342 ................................................. 1, 5, 6, 7

*Halliburton Energy Serv., Inc. v. M-I, LLC*, 456 F. Supp. 2d 811 (E.D. Tex. 2006) .............. 5, 6, 7

*United Carbon Co. v. Binney & Smith Co*., 317 U.S. 228,
   63 S.Ct. 165, 87 L.Ed. 232 (1942) ....................................................................................... 5

### **STATUTES**

35 U.S.C. § 102(b) ........................................................................................................................ 3

35 U.S.C. § 112, ¶ 2 ...................................................................................................................... 5

### **RULES**

FED. R. CIV. P. 56(c) ...................................................................................................................... 5

## I. INTRODUCTION

In this patent infringement case, Plaintiff Jerry Moscovitch and his company Mass Engineered Design, Inc. (collectively "Moscovitch") accuse Defendants Ergotron, Inc. ("Ergotron"), CDW Corporation ("CDW), Tech Data Corporation ("Tech Data"), Dell Marketing L.P. ("DMLP"), and Dell Inc. ("Dell") of infringing reissued United States Patent No. RE 36,978 ("'978 Patent").  Moscovitch alleges infringement of only claims 16 and 17 of the '978 Patent.

Unfortunately for Moscovitch, claims 16 and 17 of the '978 Patent are invalid.  Both claims include the limitation that displays are permitted to be angled "to a desired degree."  This "to a desired degree" limitation renders the claims indefinite.

First, claims are indefinite if they are completely dependent upon the subjective opinion of a person purportedly practicing the invention.  The Federal Circuit in *Datamize, LLC v. Plumtree Software, Inc.*, held that without an objective standard, a limitation that is completely dependent upon the subjective opinion of a particular individual is indefinite.

Second, both claims require displays be angled "to a desired degree."  In the context of the claims, the "to a desired degree" limitation dictates how much the displays must be angled.

Third, the "to a desired degree" limitation is wholly subjective.  There is no objective standard to measure how much the displays must be angled to fall within the scope of the claims, because the amount the displays must be angled is dependent upon the subjective opinion of an individual.

Lastly, Moscovitch's proposed construction ignores the "to a desired degree" limitation, and Moscovitch's proffered extrinsic evidence shows the subjective nature of the limitation.  According to Moscovitch's extrinsic evidence, the amount the displays must be "angled" depends on what a user "longs" or "hopes for."

Therefore, because the limitation of "to a desired degree" is wholly subjective and without an objective anchor, claims 16 and 17 of the '978 Patent are indefinite and invalid.

## II.   STATEMENT OF FACTS

### A.   Claims 16 and 17 of the '978 Patent Include the Limitation That Displays are Angled Toward/Relative to Each Other "to a Desired Degree."

Claims 16 and 17 of the '978 Patent, the only claims asserted in this action, include the limitation that the monitors be angled "toward" (claim 16) or "relative" (claim 17) to each other "to a desired degree." '978 Patent at 12:1-2, 12:15-16 (Pl. Ex.[1] A).

Claims 16 and 17 are reproduced below in their entirety, with the phrase at issue emphasized.

> 16. A display system comprising:
> a base member;
> a pair of electronic displays;
> positioning means for positioning the displays, the positioning means comprising:
> (a) an arm assembly for supporting the displays;
> (b) support means for supporting the arm assembly from the base member; and
> (c) mounting means for mounting the displays to the arm assembly, the mounting means comprising means for adjusting the angular orientation of each of the displays relative to the arm assembly to thereby permit said displays to be angled toward each other *to a desired degree*.
>
> 17. A display system comprising:
> a pair of electronic displays;
> positioning means for positioning the displays, the positioning means comprising:
> (a) an arm assembly for supporting the displays;
> (b) support means having a base for supporting the arm assembly above a support surface; and
> (c) mounting means for mounting the displays to the arm assembly, the mounting means comprising means for adjusting the angular orientation of each of the displays relative to the arm assembly about a generally vertical axis to thereby permit said displays to be angled relative to each other *to a desired degree*.

### B.   The "to a Desired Degree" Limitation Does Not Appear in the Specification.

The detailed description of the '978 Patent does not mention the meaning of the limitation that the displays be angled "to a desired degree." In fact, the word "desired" appears in only two places in the entire '978 Patent: in claims 16 and 17.

Similarly, "angled," which "to a desired degree" clearly modifies, is not used other than in claims 16 and 17. Moscovitch asserts that the specification uses "tilt" to explain the

---

[1] "Pl. Ex. __" refers to exhibits to the Opening Brief on Claim Construction submitted by plaintiffs (DN 128).

"angling motion" (presumably a reference to the claim phrases that include "to a desired degree").  *See Mass Engineered Design, Inc. and Jerry Moscovitch's Opening Brief on Claim Construction of U.S. Patent No. RE 36,978* (DN 128) *("Mass Op. Br.")* at 36.  Each mention of "tilting" in the detailed description of the '978 Patent indicates this "tilting" is "limited":

- "...to permit limited tilting of the display about two mutually perpendicular axes."  '978 Patent (Pl. Ex. A) at 3:56-57.

- "This arrangement effectively permits only limited degree of tilting of the display 16 about two mutually perpendicular axes."  '978 Patent (Pl. Ex. A) at 4:15-17.

- "...to permit only limited tilting of the display 152 along two mutually perpendicular axes."  '978 Patent (Pl. Ex. A) at 7:3-5.

C. **The Prosecution History Does Not Impart Meaning to the "to a Desired Degree" Limitation.**

Mr. Moscovitch originally obtained United States Patent No. 5,687,939 ("'939 Patent"), which issued on November 18, 1997.  On October 13, 1998, Moscovitch applied for a reissue patent, which reissue patent eventually issued as the '978 Patent.  The reissue added two new claims to the original '939 Patent, claims 16 and 17, the only two claims at issue in this litigation.

Both claims 16 and 17, reprinted above, include the "to a desired degree" limitation. This limitation first appeared in claim 16 of the reissue patent application, and is the claim that Moscovitch originally sought during the reissue.  This claim was rejected by the examiner under 35 U.S.C. § 102(b) as anticipated by United States Patent No. D340, 235, issued to Robak, et al.  *See Office Action*, June 2, 1999, at 3 (Dell Ex.[2] B at DEL041924).

---

[2] In this brief, "Dell Ex. __" refers to exhibits to the declaration of Efren Garcia in Support of Dell Inc.'s and Dell Marketing L.P.'s Responsive Claim Construction Brief for U.S. Patent No. RE 36,978.

In response, Moscovitch cancelled claim 16 and submitted claims 17 and 18, which eventually issued as claims 16 and 17, respectively, of the '978 Patent[3]. *See Amendment*, Sept. 2, 1999, at 2 (Dell Ex. B at DEL041934). Moscovitch distinguished the new claims from Robak on the basis that the new claims permitted angling toward each other, but did not impart any meaning to the "to a desired degree" limitation:

> Initially, it will be noted that new claims 17 and 18 more positively recite that the "mounting means" called for in paragraph C comprises means for adjusting the angular orientation of each of the displays relative to the arm assembly to thereby permit the displays to be angled "toward" each other to a desired degree (claim 17). Claim 18 similarly recites that the mounting means comprises means for adjusting the angular orientation of each of the displays relative to the arm assembly "about a generally vertical axis" to thus permit the displays to be angled relative to each other to a desired degree. These limitations are not shown or suggested by Robak et al. Robak et al is directed to a display console for use in an aircraft. Each of the two display screens are apparently mounted on two members which allow each of the screens to be pivoted about a horizontal axis only. There is no disclosure or suggestion, that the two displays are capable of being angled "about a vertical axis" or "toward" each other. In fact, such a requirement would seem to make no sense for a console used in an aircraft and positioned between two aircraft seats. Presumably, there would be no need to angle the screens towards each other because each screen is intended for an individual seated within a seat directly in front of the screen. In fact, since the arm assembly presents the screen in a position laterally from the console, there would appear to be no need whatsoever for any type of mounting system which provides for adjustment of the screen about a generally vertical axis. Each display appears to be almost directly in front of where an airline seat would be positioned next to the console. Thus, it is submitted that not only does this patent fail to disclose or suggest the apparatus now claimed in new claim 17 and 18, but that the very feature set forth in claims 17 and 18, that being the ability to adjust two screens either towards each other or about a generally vertical axis, would not even be necessary for the type of application which Robak et al is directed to.

*Id.* at 4-5 (Dell Ex. B at DEL 041936-937).

**D.    Moscovitch Proposes in the Alternative that the Limitations Including the Phrase "to a Desired Degree" Should be Construed to Mean "Selected by the Viewer."**

Moscovitch proposes that that the claim limitations that include "to a desired degree" mean "selected by a viewer." Moscovitch initially asserts that no construction is necessary for

---

[3] The added claims 17 and 18 did not contain the "base member" (claim 16) or "having a base" (claim 17) limitations that appear in issued claims 16 and 17. These limitations were added by amendment after the examiner indicated Moscovitch had improperly attempted to omit the "base" limitation from the reissued claims, in violation of the rule of recapture. *See Amendment*, February 11, 2000, at 2-3 (Dell Ex. B at DEL041973-74); *see also Office Action*, January 20, 2000, at 3 (rejecting then pending claims 17 and 18) (Dell Ex. B at DEL041969).

the claim limitations "angled toward each other to a desired degree" (claim 16) and "angled relative to each other to a desired degree" (claim 17). *See Mass Op. Br.* at 34-35. Moscovitch proposes, in the alternative, that the terms should be construed to mean "turned to a viewing position *selected by the viewer* ...". *Id.* (emphasis added).

## III.   ARGUMENT

### A.   Indefiniteness Is a Purely Legal Issue Suitable for Summary Judgment.

Summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to prevail as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A determination of indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) (citations omitted). Accordingly, the question of claim indefiniteness is suitable for resolution on summary judgment. *See Halliburton Energy Serv., Inc. v. M-I, LLC*, 456 F.Supp.2d 811, 825 (E.D. Tex. 2006) (Davis, J.) (granting summary judgment of invalidity based on indefiniteness).

### B.   Claims Are Indefinite if They Are Completely Dependent Upon a Person's Subjective Opinion.

Every patent's specification must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2 (2000). Because the claims perform the fundamental function of delineating the scope of the invention, the purpose of the definiteness requirement is to ensure that the claims delineate the scope of the invention using language that adequately notifies the public of the patentee's right to exclude. *See Datamize,* 417 F.3d at 1347 (citations omitted). According to the Supreme Court, "[t]he statutory requirement of particularity and distinctness in claims is met only when [the claims] clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." *Id., citing United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236, 63 S.Ct. 165, 87 L.Ed. 232 (1942). Absolute clarity is not required; however, a claim is indefinite if it is "insolubly

ambiguous" or "not amenable to construction." *See Datamize*, 417 F.3d at 1347 (citations omitted).

A claim is indefinite if it depends solely on the unrestrained, subjective opinion of a person purportedly practicing the invention and there is no objective standard for determining the meaning of a claim limitation. *See id* at 1350 (citations omitted). In *Datamize*, the Federal Circuit stated that "in the absence of a workable objective standard, 'aesthetically pleasing' ... is completely dependent on a person's subjective opinion." *Id*. (holding "aesthetically pleasing" indefinite).

### C.  Claims 16 and 17 Require That Displays Be Permitted to Be Angled "to a Desired Degree."

In the context of claims 16 and 17 of the '978 Patent, the "to a desired degree" limitation dictates how much the displays should be permitted to be "angled." When faced with a claim of indefiniteness, general principles of claim construction apply. *See Datamize*, 417 F.3d at 1348. Thus, the claims themselves provide substantial guidance in determining the meaning of particular claim terms. *See Halliburton*, 456 F. Supp. 2d at 814, *citing Phillips*, 415 F.3d 1303, 1314. Using the claims themselves as guidance it is clear that the phrase "to a desired degree" modifies and determines the amount that the displays must be "angled toward each other" (claim 16) and "angled relative to each other" (claim 17).

### D.  The "to a Desired Degree" Limitation is Wholly Subjective, Which Renders Claim 16 and 17 Invalid as Indefinite.

A claim that is completely dependent upon the subjective intent of a user is indefinite. In *Datamize*, the Federal Circuit noted that there can be a "subjective element" to a claim term. *See Datamize*, 417 F.3d at 1349. Nevertheless, the Court ruled the term "aesthetically pleasing" indefinite because "[i]n the absence of a workable objective standard, 'aesthetically pleasing' does not just include a subjective element, it is completely dependent upon a person's subjective opinion." *Id*. at 1350. The Court continued by stating that "some objective standard ***must*** be provided in order to allow the public to determine the scope of the claimed invention," and that "a claim term, to be definite, ***requires*** an objective anchor." *Id.* (emphasis added).

When faced with a purely subjective phrase, a court must determine whether the patent's specification supplies some standard for measuring the scope of the phrase. *See id.*

Here, the phrase "to a desired degree," like "aesthetically pleasing," is completely dependent upon a user's subjective opinion: a user's "desire." Furthermore, the patent specification provides no objective standard for measuring the scope of the phrase. There is no way for an accused infringer to know what constitutes "a desired degree" and how much adjustment would qualify for "a desired degree." At best, the specification refers to "limited tilting" a phrase that provides no objective standard. *See Halliburton*, 456 F.Supp.2d at 817 (holding "fragile gel" indefinite, noting that "there must be some objective standard" for terms used in specification to describe "fragile gel").

Although using "desired" in a claim limitation does not *a priori* make the claim indefinite, using the term in a limitation without an objective anchor does make the claim indefinite. The *Datamize* Court notes that the claim at issue in that case was not indefinite for using the term "desired." *See Datamize*, 417 F.3d at 1356. However, the Court continued by stating that there was no objective measure for "aesthetically pleasing" and without an objective anchor, the claim was indefinite. *Id.* Similarly, for claims 16 and 17 of the '978 Patent, there is no objective anchor to determine how much a display must be angled in order to be angled "to a desired degree," and both claims are indefinite.

### E. Moscovitch's Proposed Construction Ignores the "to a Desired Degree" Limitation and Mass' Extrinsic Evidence Shows the Subjective Nature of the "to a Desired Degree" Limitation.

Moscovitch proposes a construction for the "angled" limitations of claim 16 and 17 that ignore the "to a desired degree limitation." Moscovitch's proposed constructions are that "angled toward/relative to each other to a desired degree" means "turned to a viewing position selected by the viewer in which the displays are turned" toward/relative "to each other." *Mass Op. Br.* at 34. One problem with this proposed construction is that in attempt to save the validity of the claim, Moscovitch creates a limitation, "selected by the viewer" that does not exist. Furthermore, Moscovitch's definition fails to provide an objective anchor for

determining the amount the displays must be turned. Under Moscovitch's construction, only the subjective intent of the user determines whether a device infringes.

The extrinsic evidence submitted by Moscovitch displays the subjective nature of the "to a desired degree" limitation. Moscovitch submits the following definitions for "desire" and "degree":

> **desire** *vb* **desired; 1:** to long or hope for, exhibit or feel desire for **2:a:** to express a wish for: REQUEST *Syn* DESIRE, WISH, WANT, CRAVE, COVET.
>
> **degree: 6a**: the extent, measure, or scope or an action, condition or relation

*Mass Op. Br.* at 35. Taking this extrinsic evidence together, then, indicates that an appropriate definition for "to a desired degree" is the extent, measure or scope" that someone "long[s] or hope[s] for, exhibit[s], or feel[s] desire for." Such a definition leads to the absurd result that the determination of whether an accused product infringes these claims depends upon whether the accused device permits a user to angle displays to the "extent" that user "long[s] or hope[s] for" the displays to be angled. Such a subjective limitation does not inform the public of the scope of the patentee's rights and is indefinite, and thus invalid.

## IV. CONCLUSION

A simple hypothetical shows the extreme ambiguity of the claim language at issue. Assume, for instance, an accused device that is capable of adjusting the angular orientation of displays ten degrees; however, a user desires adjustment of 360 degrees. Presumably, this device does not infringe because it does not permit the displays to be angled "to a desired degree." Next, assume the same device is used by a viewer that only desired adjustment of ten degrees. Now, the same device presumably infringes, because it permits the displays to be angled "to a desired degree." This is the very picture of indefiniteness: the claim scope is wholly dependent on the subjective opinion of the user.

//
//
//
//

    For the foregoing reasons, Dell requests the Court to find that claims 16 and 17 of the '978 Patent are indefinite and thus invalid under 35 U.S.C. § 112, ¶ 2.

| | |
|---|---|
| Dated:  November 8, 2007 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By:   /s: M. Craig Tyler<br>M. CRAIG TYLER (Lead Attorney)<br>Texas State Bar No. 00794762<br>ctyler@wsgr.com<br>SCOTT T. MORRIS<br>Texas State Bar No. 24004829<br>smorris@wsgr.com<br>BRIAN A. DIETZEL<br>Texas State Bar No. 24040804<br>bdietzel@wsgr.com<br>8911 Capital of Texas Highway<br>Westech 360, Suite 3350<br>Austin, Texas 78759-7247<br>Telephone: 512.338.5400<br>Facsimile: 512.338.5499<br><br>ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT DELL INC. AND DELL MARKETING L.P. |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of November, 2007.

       /s: M. Craig Tyler
          M. Craig Tyler