# IN THE UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC. ) <br> and JERRY MOSCOVITCH ) <br> ) <br>     Plaintiffs, Counter-defendants, ) <br>     Cross-claimants ) <br> ) <br> vs. ) <br> ) <br> ERGOTRON, INC., DELL INC., CDW ) <br> CORPORATION, and ) <br> TECH DATA CORPORATION ) <br> ) <br>     Defendants, ) <br>     Counterclaimants ) <br> ) <br> and ) <br> ) <br> DELL MARKETING L.P. ) <br> ) <br>     Intervenor-Defendant, ) <br>     Counterclaimant; ) | Civil Action No. 2:06 CV-272 <br><br> Judge Leonard E. Davis <br><br> **JURY TRIAL DEMANDED** |

---

**ERGOTRON'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR AN ORDER CONCERNING PLAINTIFFS' WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE**

---

## INTRODUCTION

Plaintiffs bear the burden of proving that the materials they are withholding are privileged. *Soverain Software LLC v. Gap, Inc.,* 340 F. Supp.2d 760, 762-63 (E.D. Tex. 2004). Plaintiffs failed to meet their burden. Ergotron's motion should be granted.

## ARGUMENT

A. <u>Plaintiffs Waived the Attorney Client Privilege for Communications Concerning the Patentability of the Booking Feature</u>.

1. <u>Plaintiffs Agree a Waiver Occurred</u>.

Plaintiffs concede that they waived the attorney-client privilege for communications concerning the patentability of the booking feature in the '978 patent, although Plaintiffs use different words to describe the concept. Ergotron uses the term "patentability," while Plaintiffs use the phrase "claim scope believed available." Plaintiffs' Brief, p. 2, 7. The difference is one of semantics, not substance.

Plaintiffs also concede that the waiver includes discussions about prior art that impacts patentability. Plaintiffs admit that the waiver extends to the "available claim scope that the prior art would allow." Plaintiffs' Brief, p. 7.

2. <u>The Temporal Restriction Plaintiffs Proposed Should Be Rejected</u>.

Plaintiffs claim the waiver should end on October 1, 1998 when Plaintiffs filed Mr. Moscovitch's declaration with the PTO. Plaintiffs' Brief, p. 7.

The proposed temporal restriction is substantial because Plaintiffs communicated with counsel about the patentability of the booking feature after October 1, 1998. In addition to the correspondence with The Law Society of Upper Canada discussed below, Plaintiffs listed the following non-exhaustive communications on their privilege log, Ergotron's Exhibit 9:

| Date | To | From | Description |
|---|---|---|---|
| 4/21/99 | J. Moscovitch | M. Waraksa | Letter re: patent prosecution representation |
| 7/9/99 | J. Moscovitch | M. Elchuk | Letter re: reissue application |
| 7/21/03 | J. Moscovitch | L. Young | Letter re: potential negligence action |
| 8/20/03 | Miller Thomson LLP | Prepared by Gowling Lafleur Henderson LLP | Authorization to transfer files |
| 11/17/03 | J. Moscovitch | J. Buchan | Letter re: potential negligence action |

A dozen items on Plaintiffs' privilege log relate to a "potential negligence action" against Attorney Waraksa. Other communications relate to the "reissue application," and to the transfer of files between counsel.

Plaintiffs are not merely trying to carve out litigation counsel.[1] The temporal restriction Plaintiffs proposed would exclude communications Plaintiffs had with Attorneys Waraksa, Miller, Elchuk, Rolston and others. Plaintiffs offer no reason communications after October 1, 1998 should be treated differently than communications before October 1, 1998. All communications Plaintiffs had with non-litigation counsel concerning the patentability of the booking feature must be produced.

Plaintiffs suggest the temporal restriction is supported by *Board of Trustees of the Leland Standford Junior Univ. v. Roche Molecular Sys.*, 237 F.R.D. 618 (N.D. Cal. 2006). *Leland* does not support Plaintiffs' position. The Court in *Leland* allowed discovery "into later documents and communications that directly cover the issue of inventorship, even though they might post-date the issuance of [the patents in suit]." 237 F.R.D. at 627.

### 3. Plaintiffs Failed to Produce Communications that Fall Within the Scope of the Acknowledged Waiver.

Plaintiffs contend they "produced all communications relating to the subject matter disclosed in the reissue declaration." Plaintiffs' Brief, p. 2. Plaintiffs also suggest that Ergotron seeks irrelevant materials relating to trademark applications and other inventions. Plaintiffs' privilege log belies Plaintiffs' claim. The log lists several relevant documents, including the following:

---

[1] Ergotron is not seeking to discover the communications Plaintiffs had with their litigation counsel in the present motion.

| Date | To | From | Description |
|---|---|---|---|
| 1/27/98 | M. Waraksa | J. Moscovitch | Letter re: patent application |
| 2/24/98 | J. Moscovitch | M. Waraksa | Letter re: patent application |
| 8/13/98 | J. Moscovitch | H. Miller | Letter re: reissue patent application |

The patentability of the booking feature is a central issue in the case. Plaintiffs' are withholding materials that concern that issue.

      B.    <u>Plaintiffs Failed to Prove That Any Portion of the Communications with The Law Society of Upper Canada Are Privileged.</u>

Plaintiffs' argument concerning communications with The Law Society of Upper Canada (LSUC) misses the point. Whether Canada law recognizes a privilege for communications to the LSUC is irrelevant. Plaintiffs produced the letters in this case, thereby waiving any privilege that may have otherwise existed.

Ergotron's motion focuses on the material Plaintiffs redacted in the communications to the LSUC. Plaintiffs made no attempt to show that the redacted material is privileged.

Plaintiffs' privilege claim is apparently based on the mistaken belief that Peter M. Jordan, Complaints Officer for the LSUC, *represented Plaintiffs*. Plaintiffs' privilege log asserts that Jordan was "an attorney for J. Moscovitch or MASS Engineered Design, Inc." *See* DX9.[2] Obviously, Mr. Jordan did not represent Plaintiffs. Plaintiffs have offered no support for their contention that the LSUC materials are privileged. The Court should order Plaintiffs to produce all communications with the LSUC.

      C.    <u>Plaintiffs Failed to Prove that Communications with Attorney Waraksa Are Privileged</u>.

Plaintiffs also focused on irrelevant matters with respect to the waiver of privilege for communications with Attorney Waraksa. Plaintiffs contend that Ergotron wants to conduct

---

[2] In their privilege log, Plaintiffs used a "*" symbol to denote lawyers for the Plaintiffs. *See* DX9, p. 5. Mr. Jordan's name appears four times in the log. Each time, Plaintiffs placed a "*" after Mr. Jordan's name, indicating that he acted as counsel for Plaintiffs. *Id.*, p. 1.

discovery concerning irrelevant issues (not true) and that Plaintiffs' accusations with respect to Attorney Waraksa are not public (also not true).[3]  Plaintiffs do not address the unfairness that would result if Attorney Waraksa could not rely on his communications with Plaintiffs to rebut Plaintiffs' accusations.  Nor do Plaintiffs address the broad waiver they made by disclosing communications with Mr. Waraksa in the re-issue declaration and in this lawsuit.

By voluntarily disclosing communications with Attorney Waraksa and accusing him of wrongdoing, Plaintiffs waived the attorney-client privilege for all communications with Attorney Waraksa.

## CONCLUSION

Ergotron's motion should be granted.

Dated:  December 28,  2007          By:   s/ Lora Mitchell Friedemann
                                        Kurt J. Niederluecke (#0271597)
                                        Lora Mitchell Friedemann (#259615)
                                        FREDRIKSON & BYRON, P.A.
                                        200 South Sixth Street, Ste 4000
                                        Minneapolis, MN 55402-1425
                                        612.492.7000 (telephone)
                                        612.492.7077 (facsimile)

                                        ATTORNEY FOR DEFENDANTS ERGOTRON, INC.,
                                        CDW CORPORATION AND TECH DATA
                                        CORPORATION

4300540

---

[3] The declaration Plaintiffs' submitted to the PTO, DX2, is in the public file history for the '978 patent.  Plaintiffs' accusations with respect to Attorney Waraksa are also part of this litigation.

- 6 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 28th day of December, 2007.

        s/ Lora Mitchell Friedemann
        Lora Mitchell Friedemann

4300540_1.DOC