IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC.<br>And JERRY MOSCOVITCH<br><br>Plaintiffs,<br>Counter-defendants,<br>Cross-claimants,<br>vs.<br><br>ERGOTRON, INC., DELL INC.,<br>CDW CORPORATION, and<br>TECH DATA CORPORATION<br><br>Defendants,<br>Counterclaimants,<br>and<br>DELL MARKETING L.P.,<br><br>Intervenor – Defendant,<br>Counterclaimant | § § § § § § § § § § § § § § § § § § § | JUDGE:  LEONARD DAVIS<br><br>Civil Action No. 02-06CV-272<br><br>JURY TRIAL DEMANDED |

MASS' SUR-REPLY TO ERGOTRON'S
MOTION TO COMPEL

There is no justification for the broad waiver that Ergotron seeks.  Ergotron has failed to show why it is entitled to every privileged communication plaintiffs' had with their attorneys that relate to any intellectual property matters.  Ergotron's motion should be denied.

## I. Ergotron Seeks Privileged Communications Unrelated To Any Waiver

The most glaring error in the relief Ergotron seeks is its gross overreaching.  Ergotron is aware of this, but chooses to ignore it in hopes that the Court will sanction its improper fishing expedition into Mass' privileged communications.  Any scope of waiver that includes materials related to trademarks and unrelated patents is clearly not correct.  Yet this is precisely what Ergotron proposes.

In its reply, Ergotron attempts to put forth a straw man argument by misleading the Court as to Mass' acknowledgment of a limited waiver. <u>Mass **does not** agree that the waiver extends to all matters related to patentability</u>. Mass was very clear in its response:

> Specifically, the subject matter waiver here should relate only to (1) <u>claim scope</u> believed available based on the prior art known to MASS' attorneys during original prosecution; (2) <u>claim scope</u> believed available based on the prior art known to MASS' attorneys upon filing the reissue declaration.

Response at 7. The difference between Mass' proposed scope and that sought by Ergotron is most certainly not just a semantic one. The Court should not be fooled by Ergotron's attempt to disregard the significant differences between the parties' positions.

Ergotron attempts to go against the clear precedent of this Court that "[i]n patent cases, the scope of waiver is narrowly construed." *Sky Technologies LLC v. IBM, Inc.*, 2:03-CV-454(DF) at 10. In fact, Ergotron has presented nothing in its briefs that would justify throwing out this rule. Ergotron appears content to ignore the precedent of this Court in order to improperly gain access to Mass' privileged communications.

Ergotron's improper overreaching is exacerbated by the fact that it incorrectly determined and argued the scope of waiver to be all communications related to "patentability." In so doing, Ergotron gave no regard to the well established law that the scope of the waiver must be limited to the "same subject matter" in the disclosed communications. *In re Seagate*, 497 F.3d at 1372. Ergotron's proposed scope clearly exceeds the same subject matter and therefore must be incorrect.

Ergotron even goes so far as to claim that it is entitled to privileged communcations related to a potential negligence action that was (a) never mentioned in the reissue declaration and (b) never filed or otherwise disclosed. This type of information is not part of the "same subject matter" and cannot fall within the scope of a proper waiver.

Mass, on the other hand, having acknowledged that there is a limited waiver of the privilege as to certain communications, seeks to follow well established principles in arriving at a proper scope of waiver.  As the cases cited by Ergotron establish[1], the scope of the waiver must be limited to the subject matter disclosed.  Following this rule, the waiver here can only extend to the <u>claim scope</u> to which Mr. Moscovitch believed he was entitled.  That is the <u>only</u> privileged subject matter disclosed in the reissue declaration.

## II.  Proper Temporal Scope Is Necessary

Mass has established that a temporal limitation is a proper limitation placed on the scope of waiver.  Response at 7; *see, Leland*, 237 F.R.D. at 627.  Ergotron points out that the *Leland* court allowed discovery into "later documents and communications."  Reply at 3.  What Ergotron fails to tell the Court is the reasoning behind that decision – that the plaintiff in that case continued to rely on the communications as it filed continuation and divisional applications which claimed priority to the patent-in-suit.  *Leland*, 237 F.R.D. at 627.  That is clearly not the case here.  There are no subsequent applications claiming priority to the patent-in-suit in this case.  Therefore, Ergotron's attempts to remove a proper temporal limitation are unpersuasive.  The waiver should be limited in temporal scope to the period up to October 1, 1998 – the date the reissue application was filed.

## III.  LSUC Communications Remain Privileged

Despite clear authority to the contrary (as provided in detail in Mass' Response), Ergotron has failed to produce any authority showing that Mass waived the privilege as to any communications disclosed to the LSUC.  In stark contrast, Mass provided a detailed explanation as to why such communications remain privileged even after submission to the LSUC.

---

[1] *See, In re Seagate Technology, LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007); *Board of Trustees Of The Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 237 F.R.D. 618 (N.D. Cal. 2006).

In yet another example of clear overreaching, Ergotron again attempts to distort the facts in a bold attempt to continue its improper exploration of Mass' privileged materials by claims that "[p]laintiffs produced the letters [to the LSUC] in the case, thereby waiving privilege that may have otherwise existed." Reply at 4. To be clear, Mass produced redacted versions of the letters. Apparently it is Ergotron's position that disclosure of any portion of a document waives the privilege as to any other (updated and thus undisclosed) information contained in that document. That is not the law of waiver and Ergotron has cited no authority that supports such a rule.

Ergotron attempts to make hay out of the fact that initially Mass inadvertently designated Peter Jordan, an LSUC official, as one of Mass' attorneys[2]. Clearly, he was not. Nonetheless, Ergotrons's unsupported overreaching still fails for the reasons set forth above and in Mass' Response.

Mass disclosed specific portions of the LSUC letters that related to the communications disclosed in the reissue declarations. The redacted portions of the LSUC letters relate to matters that do not fall within the proper scope of waiver here. Therefore, the redacted portions remain privileged and need not be disclosed by Mass.

## CONCLUSION

For the reasons set forth above and in its Response, Mass respectfully requests that Ergotron's Motion to Compel be denied.

---

[2] Having made this argument, it is curious that Ergotron takes the position that it needs access to all of Mass' communications with its patent attorney, Mr. Waraksa, on the grounds that Mr. Waraksa would not otherwise be allowed to "rely on his communications with Plaintiffs to rebut Plaintiffs' accusations." Reply at 5. Mr. Waraksa is not on trial here and Ergotron and its lawyers do not represent Mr. Waraksa in this case. It is clear that Ergotron is once again setting up a straw man argument to justify its improper overreaching.

Respectfully submitted,

SUSMAN GODFREY L.L.P.


/s/Stephen F. Schlather
Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Lead Attorney for Jerry Moscovitch and
MASS Engineered Design, Inc.

OF COUNSEL:

Justin A. Nelson
State Bar No. 24034766
E-Mail: jnelson@susmangodfrey.com
Stephen F. Schlather
State Bar No. 24007993
E-Mail: sschlather@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P. O. Box 7879
Tyler, Texas 75711
Telephone:  (903) 561-1600
Facsimile:  (903) 561-1071

Franklin Jones, Jr.
State Bar No. 00000055
maizieh@millerfirm.com
JONES & JONES, INC., P.C.
201 West Houston Street
P. O. Drawer 1249
Marshall, Texas 75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360

Gregory L. Maag
State Bar No. 12748500
gmaag@conleyrose.com
Jonathan M. Harris
State Bar No. 00796713
jharris@conleyrose.com
CONLEY ROSE, P.C.
600 Travis Street, Suite 7100
Houston, Texas 77002
Telephone:  (713) 238-8000
Facsimile:  (713) 238-8088

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@mailbmc.com
BROWN MCCARROLL LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

811177v1/009664

Robert M. Parker
State Bar No. 15498000
rmparker@pbatyler.com
Christopher Bunt
State Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
State Bar No. 00783521
charley@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535

Attorneys for Jerry Moscovitch and
MASS Engineered Design, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 7th day of January, 2008 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

/s/ Stephen F. Schlather
Stephen F. Schlather