IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH | § § § § | |
| Plaintiffs | § § | CASE NO. 206 CV 272 |
| vs. | § § | PATENT CASE |
| ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION | § § § § § | |
| Defendants | § | |

## ORDER

Before the Court is Dell Inc.'s and Dell Marketing L.P.'s (collectively "Dell") Motion for Sanctions and Alternatively to Compel Rule 30(b)(6) Testimony (Docket No. 131). After considering the parties' written submissions, the Court **GRANTS** Dell's motion.

Dell moved for sanctions claiming Mass Engineered Design, Inc. ("Mass") repeatedly made improper objections and improperly instructed the deponent not to answer questions during a Rule 30(b)(6) deposition. Dell claims that the improper objections and instructions rendered the deposition pointless as Mass refused to let the deponent answer a majority of Dell's questions.

The local rules clearly state when a party may instruct a deponent not to answer and which objections a party may make. "Unless permitted by FED. R. CIV. P. 30(d)(1), a party may not instruct a deponent not to answer a question. Objections to questions during the oral deposition are limited

to 'Objection, leading' and 'Objection, form.'"[1] Local R. CV-30. Rule 30(c)(2) provides, "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2).

The deposition transcript shows that Mass repeatedly objected and instructed the deponent not to answer various questions on the grounds that they were "beyond the scope of the 30(b)(6)," called for "legal conclusions," and "ask[ed] for a definition of claim construction." Dep. Tr. at 40, ln. 4–41, ln. 1. It is improper to instruct a deponent not to answer questions because the questions are outside the scope of a 30(b)(6) designation. *See Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000)(holding that instructing a witness not to answer a question outside the scope of a 30(b)(6) is improper and the proper remedy is to object but let the deponent answer); *Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 731 (D.C. Mass. 1985)(holding that instructing a witness not to answer questions outside the scope of the 30(b)(6) designation is improper and in violation of Rule 30). Near the beginning of the deposition, Dell reminded Mass that these objections and instructions were improper and listed the proper objections as found in the local rules. *Id*. at 18, lns. 1–7. However, Mass persisted to violate Local Rule CV-30 and Federal Rule 30(c)(2) by improperly objecting and instructing the deponent not to answer.

Mass argues that it is was "ambushed" at the deposition. It claims that the topics Dell noticed were narrow, yet at the deposition Dell attempted to broaden the topics. As stated above, none of these reasons allow for instructions not to answer. Mass does not assert that the information sought

---

[1] In 2007, Rule 30 was reorganized. The language of Rule 30(d)(1) was moved to Rule 30(c)(2). The substance of Rule 30(d)(1) regarding when counsel may instruct a deponent not to answer was not changed. For ease of reference, the Court will refer to the new subsection, Rule 30(c)(2).

was privileged nor that it intended to file a Rule 30(d)(3) motion to terminate or limit the deposition. Thus, the instructions not to answer were improper.

In prior opinions, the Court has repeatedly warned parties to avoid gamesmanship that interferes with the Court's open and liberal policy on discovery. Mass blatantly violated Local Rule CV-30 and Federal Rule 30 with its improper objections and instructions not to answer, and these improper objections and instructions were antithetical to the Court's policy on open discovery. Therefore, sanctions are appropriate.

The Court **ORDERS** Mass to pay all attorneys' fees and expenses incurred from the October 19, 2007 deposition of Alan Tameshtit and the fees and expenses incurred by Dell for this motion practice. Further, the Court **ORDERS** Mass within two weeks of this Order to produce a 30(b)(6) designee knowledgeable of the noticed topics for deposition. Dell will then have five days to file a supplemental claim construction brief regarding any new testimony that relates to its claim construction arguments. Mass will then have three days to file a reply brief. Both supplemental briefs are limited to ten pages.

**So ORDERED and SIGNED this 8th day of January, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**