# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

_____

MASS ENGINEERED DESIGN, INC.
AND JERRY MOSCOVITCH,

                Plaintiffs, Counter-defendants,

  vs.

ERGOTRON, INC., DELL INC., AND
TECH DATA CORPORATION, CDW
CORPORATION,

                Defendants,

and

CDW CORPORATION,

                Counterclaimant and Third-Party
                Plaintiff,

  vs.

A.B. DISTRIBUTING, INC., D&H DISTRIBUTING
COMPANY, EIZO NANAO TECHNOLOGIES, INC.,
INGRAM MICRO INC., INTERNATIONAL AUDIO
VISUAL INC., SYNNEX CORPORATION, TECH DATA
CORPORATION, CSAV, INC., GLOBAL MARKETING
PARTNERS, INC., SEA LAND, INC., PEERLESS
INDUSTRIES, INC., DOUBLESIGHT DISPLAYS, LLC,
AND BRETFORD MANUFACTURING, INC.,

                Third Party Defendants.

_____

Civil Action No 2:06-cv-272
Judge Leonard E. Davis

**JURY TRIAL DEMANDED**

### THIRD PARTY DEFENDANT CSAV, INC'S
### ANSWER TO THIRD PARTY COMPLAINT

In accordance with Fed. R. Civ. P. 8(b), CSAV generally denies all the averments in the CDW Corporation's Third-Party Complaint (Docket No. 159) ("Third-Party Complaint") except as follows:

1. CSAV lacks information sufficient to form a belief as to the truth of the averments in paragraphs 1-8, 10-15, 18-61, and 66-89 of the Third-Party Complaint; these averments are therefore denied under Fed. R. Civ. P. 8(b);

2. CSAV admits the averments in paragraph 9 of the Third-Party Complaint;

3. CSAV admits that it is a merchant who, during the relevant time period, regularly dealt in the goods of the kind that are accused of infringement;

4. CSAV admits that it has agreed to defend, indemnify, and hold harmless some direct purchasers of CSAV manufactured goods in the event suit was brought alleging that these products infringed a patent.

**Affirmative Defenses**

A. CSAV owes no duty to indemnify, defend, or hold harmless CDW against claims arising out of or related to products that CDW has not obtained directly from CSAV.

B. CDW's claims are barred, in whole or in part, under the applicable Statute of Frauds.

C. CDW's claims are barred, in whole or in part, by equitable doctrines such as laches, unclean hands, and estoppel.

D. CDW's claims are barred, in whole or in part, by any applicable statute of limitations.

E. CDW's claims are barred, in whole or in part, by CDW's failure to mitigate its damages.

F. CDW's claims are barred by its failure to state a claim against CSAV.

**Prayer for Relief**

Wherefore, Third-Party Defendant CSAV, Inc. respectfully requests judgment in its favor and against CDW as follows:

A. An order dismissing all CDW's claims against CSAV with prejudice;

B. Costs and attorney's fees to the full extent available under applicable law; and

C. Such other and further relief to which CSAV may be entitled.

Respectfully submitted,

**ATTORNEYS FOR THIRD PARTY DEFENDANT CSAV, INC.**

Dated: January 18, 2008

By:   s/ Aaron W. Davis
Eric H. Chadwick (*Pro Hac Vice*)
Casey A. Kniser (*Pro Hac Vice*)
Aaron W. Davis (*Pro Hac Vice*)
PATTERSON, THUENTE,
  SKAAR & CHRISTENSEN, P.A.
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266
chadwick@ptslaw.com
kniser@ptslaw.com
davis@ptslaw.com

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this pleading was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail, on this 18th day of January, 2008.

/s/ Aaron W. Davis
Aaron W. Davis, Esq.