**IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH | ) ) ) | |
| Plaintiffs, Counter-defendants, Cross-claimants | ) ) ) ) | Civil Action No. 2:06 CV-272 |
| vs. | ) ) | Judge Leonard E. Davis |
| ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants, Counterclaimants | ) ) ) | |
| and | ) ) | |
| DELL MARKETING L.P. | ) ) ) | |
| Intervenor-Defendant, Counterclaimant; | ) ) ) | |

---

**SUPPLEMENTAL DECLARATION OF LORA MITCHELL FRIEDEMANN IN
SUPPORT OF ERGOTRON'S MOTION TO COMPEL DISCOVERY AND FOR AN
ORDER CONCERNING PLAINTIFFS' WAIVER OF THE
ATTORNEY-CLIENT PRIVILEGE**

---

I, Lora Mitchell Friedemann, declare as follows:

1. I am an attorney with Fredrikson & Byron, P.A. and am one of the attorneys representing Ergotron, Inc. in this case. This declaration is submitted in support of Ergotron's request to supplement the record on Ergotron's Motion to Compel Discovery and for an Order Concerning Plaintiffs' Waiver of the Attorney-Client Privilege.

2. Attached as Exhibit 1 is a July 4, 2003 letter from Laura C. Young, Gowling Lafleur Henderson LLP, to Mirek Waraksa.  Plaintiffs produced the letter after briefing on the pending motion was complete.

3. After Plaintiffs produced the letter attached as Exhibit 1, Plaintiffs later "snapped back" the letter, claiming it contains privilege information.   A copy of the email from Plaintiffs' counsel is attached as Exhibit 2.

4. Plaintiffs subsequently produced a redacted copy of the same letter.  A copy of the redacted version of the letter is attached as Exhibit 3.

5. The Protective Order of the Court entered in this case permits a party to retain a complete copy of a document that is "snapped back" for the purpose of challenging the claim of privilege.

6. Attached as Exhibit 4 is a redacted copy of a letter from Mirek Waraksa to Laura Young dated August 12, 2003.  Plaintiffs produced the letter after briefing on the pending motion was complete.

7. Attached as Exhibit 5 are excerpts from the Rule 30(b)(6) deposition of Mass Engineered Design, Inc. taken on January 18, 2008 that relate to the issues addressed in the pending motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 25, 2008

Lora Mitchell Friedemann

4312231_1.DOC

Exhibit 1



**Incorporating the practice of SMITH LYONS**



Suite 4900
Commerce Court West
Toronto, Ontario
Canada M5L 1J3
Telephone (416) 862-7525
Facsimile (416) 862-7661
www.gowlings.com

Laura C. Young
Direct (416) 862-4412
Direct Fax (416) 863-3622
Assistant (416) 862-4611
laura.young@gowlings.com
File T939961

July 4, 2003

Mirek Waraksa
50 Rosehill Avenue
Toronto, Ontario
M4T 1G6

Dear Mr. Waraksa:

**Re:     Professional Negligence Action**

We are the solicitors for Jerry Moscovitch, Mass Inc. and C Engineered Design Inc.

I write to put you on notice of a claim by my clients arising out of US patent 5,687,939 for a dual screen display (the '939 Patent). You were retained by the inventor, Mr. Jerry Moscovitch, to seek and obtain patent rights with respect to the invention. In particular, you were instructed to seek the broadest possible patent, including one which covered booking. You were also instructed to file a divisional application for the ball joint aspect set out in the original patent. You agreed to do so and accepted funds for same, however you failed to file the divisional application to protect this independent claim before the '939 Patent issued. Accordingly, Mr. Moscovitch forever lost his rights to pursue a patent for the ball joint invention. Your failure to follow instructions in this regard, and your failure to act diligently and professionally in carrying out your duties has resulted in damages to my client. In particular, competitors have adopted this design and have profited from its use.

As a result of the above-noted negligence, my client has suffered considerable damages. Accordingly, I would suggest that you bring this matter to your insurer(s) attention, and have them contact us in order to obtain particulars with respect to this matter.

I look forward to hearing from your insurer(s) and/or you with respect to this matter.

M144032

Yours very truly,
GOWLING LAFLEUR HENDERSON LLP


Laura C. Young
LCY:md

cc:    Jerry Moscovitch (via fax)
       Law Pro, Attn:  Claims Reporting Department (via fax)

B/F      July 21, 2003

[TOR_LAW\5395217\1]

M144033

Exhibit 2

**Niederluecke, Kurt**

| | |
|---|---|
| **From:** | Gregory L. Maag [gmaag@conleyrose.com] |
| **Sent:** | Thursday, January 17, 2008 12:03 PM |
| **To:** | Niederluecke, Kurt |
| **Cc:** | Max L. Tribble; Justin A. Nelson; Otis Carroll ; Franklin Jones Jr.; Calvin Capshaw ; rmparker@pbatyler.com; Nanci Mohr; efindlay@rameyflock.com; stefan.stein@hklaw.com; Morris, Scott; Tyler, Craig; Dietzel, Brian; Huff, Michael R.; Graham, Matthew; Tduston@marshallip.com; Nanci Mohr |

**Subject:** RE: MASS v. Ergotron et al.

**All – Pursuant to the protective order, we are snapping back 3 copies of a document. The bates numbers are:**

**M144032-33**

**M144036-37**

**M144038-39.**

**A redacted copy will be sent shortly.**

**Greg Maag**

Exhibit 3



Incorporating the practice of SMITH LYONS

# COPY

Suite 4900
Commerce Court West
Toronto, Ontario
Canada M5L 1J3
Telephone (416) 862-7525
Facsimile (416) 862-7661
www.gowlings.com

Laura C. Young
Direct (416) 862-4412
Direct Fax (416) 863-3622
Assistant (416) 862-4611
laura.young@gowlings.com
File T939961

July 4, 2003

Mirek Waraksa
50 Rosehill Avenue
Toronto, Ontario
M4T 1G6

Dear Mr. Waraksa:

Re:    **Professional Negligence Action**

We are the solicitors for Jerry Moscovitch, Mass Inc. and C Engineered Design Inc.

I write to put you on notice of a claim by my clients arising out of US patent 5,687,939 for a dual screen display (the '939 Patent). You were retained by the inventor, Mr. Jerry Moscovitch, to seek and obtain patent rights with respect to the invention. In particular, you were instructed to seek the broadest possible patent, including one which covered booking.

REDACTED

Your failure to follow instructions in this regard, and your failure to act diligently and professionally in carrying out your duties has resulted in damages to my client. In particular, competitors have adopted this design and have profited from its use.

As a result of the above-noted negligence, my client has suffered considerable damages. Accordingly, I would suggest that you bring this matter to your insurer(s) attention, and have them contact us in order to obtain particulars with respect to this matter.

I look forward to hearing from your insurer(s) and/or you with respect to this matter.

M144032

Yours very truly,
**GOWLING LAFLEUR HENDERSON LLP**


Laura C. Young
LCY:md

cc:  Jerry Moscovitch (via fax)
Law Pro, Attn: Claims Reporting Department (via fax)

B/F    July 21, 2003

[TOR_LAW\5395217\1]

M144033

Exhibit 4

# Mirek A. Waraksa, B.A.Sc., LL.B.

Patent and Trade Mark Agent

50 Rosehill Ave.
Suite 1411
Toronto, Ontario, Canada
M4T 1G5

(416) 964–7813

August 12, 2003

Laura C. Young
Gowlings
Suite 4900
Commerce Court West
Toronto, Ontario
M5L 1J3

Re:   Jerry Moscovitch et al

Dear Ms. Young:

I acknowledge your letter dated July 4, 2003.

I have no insurance that covers the alleged negligence. Kindly direct all correspondence to me as I will be handling this matter personally.

I delivered my original files respecting Mr. Moscovitch invention to his then counsel George Rolston. I believe they were urgently needed to prepare a U.S. reissue application. At the time I obtained an undertaking that the files be made available to me in the event of a dispute or law suit. I trust that Mr. Moscovitch will comply with that undertaking, and I ask that you provide me access so I may make copies.

**REDACTED**

made to the U.S. patent office, Mr. Moscovitch was not a novice inventor with little patenting experience, and he knew precisely what invention he wanted to protect at filing. There was no error.           Despite conflicting representations he

I prosecuted that application to allowance and close of prosecution on the merits.

**REDACTED**

M143958

– 2 –

**REDACTED**

I fail to see how I can be responsible for Mr. Moscovitch's perceived losses to competitive sales. He retained U.S. patent attorneys to reissue his U.S. patent and obtain protection for the booking concept. It appears that his attorneys were unable to obtain patent protection broad enough to cover his competitors' products, consistent with the opinion I gave Mr. Moscovitch earlier. If you care to provide a copy of his U.S. file wrapper, I will be glad to look further into the issue.

I will await your reply.

Yours truly,

Mirek A. Waraksa

M143959

Exhibit 5

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

```
MASS ENGINEERED DESIGN,INC.*
and                          *
JERRY MOSCOVITCH,            *
                             *
        Plaintiffs,          *
        Counter-Defendants,  *
                             *
        v.                   *  CASE NO.: 2:06-CV-272 (LED)
                             *
ERGOTRON, INC.,              *
CDW CORPORATION, TECH DATA   *
CORPORATION, and DELL, INC.  *
                             *
        Defendants,          *
        Counterclaimants,    *
                             *
        and                  *
                             *
DELL MARKETING, L.P.         *
                             *
        Intervenor-Defendant *
        and Counterclaimant. *
```

**********************************
THE ORAL VIDEOTAPED
DEPOSITION OF
ALLAN TAMESHTIT
JANUARY 18, 2008
**********************************

REPORTED BY:  DEBBIE BOOTHE

JOB NO. 67899

1    three copies of the same document here, but let's focus

2    on the first two pages, M144032 to 033.

3         A.   The other copies are identical, is that what

4    you're saying?

5         Q.   I believe so for the purposes of this.   In

6    fact, why don't we do this, since I think all three are

7    together why don't we just take the first two pages and

8    separate them so we'll just have one document.   So we

9    have Exhibit 28, which is M144032 to 033; correct?

10        A.   Yes.

11        Q.   And this is a letter from Ms. Laura Young to

12   Mr. Mirek Waraksa; correct?

13        A.   Correct.

14        Q.   And it's dated July 4, 2003?

15        A.   Yes.

16        Q.   And Ms. Young explains that she is the

17   solicitor for Mass and Jerry Moscovitch; correct?

18        A.   Yes.

19        Q.   And a solicitor is one of the Canadian terms

20   for what we describe as attorneys down here; correct?

21        A.   Solicitor, barrister, yeah.   I'll say yes.

22        Q.   So she is Mass' attorney?

23        A.   It -- I mean, she says "We are the solicitors."

24   I assume that means that she's referring to herself and

25   not maybe Gowlings, but --

ORAL VIDEOTAPED DEPOSITION OF ALLAN TAMESHTIT

Page 116

1      Q.  She's basically saying that Gowlings is

2  representing Jerry Moscovitch and Mass; correct?

3      A.  I think that sounds right.

4      Q.  And this letter is in regard to

5  Mr. Moscovitch's conduct in prosecuting the '939 patent

6  application; correct?

7           MR. SCHLATHER:  Object to form.

8      A.  Mr. Waraksa's conduct you said?

9      Q.  (BY MR. NIEDERLUECKE) Yes.

10          MR. SCHLATHER:  Object to form.

11          Can you read back the question?

12          THE REPORTER:  "And this letter is in

13  regard to Mr. Moscovitch's conduct in prosecuting the

14  '939 patent application; correct?"

15     A.  So you better correct that.  She just said

16  Mr. Moscovitch's conduct.  Is that what you meant?

17     Q.  (BY MR. NIEDERLUECKE) Oh, no.  Thank you.  I

18  should listen when it's read back.

19          This letter from Ms. Young to Mr. Waraksa

20  involved Mr. Waraksa's conduct in prosecuting the '939

21  patent; correct?

22          MR. SCHLATHER:  Object to form.

23     A.  I'd say that's true.

24     Q.  (BY MR. NIEDERLUECKE) And, in fact, she is

25  putting Mr. Waraksa on notice of a claim by Mass arising

ORAL VIDEOTAPED DEPOSITION OF ALLAN TAMESHTIT

Page 117

1    out of that U.S. Patent Number '939?

2        A.   Correct.

3            MR. SCHLATHER:  Object to form.

4        Q.  (BY MR. NIEDERLUECKE) And she copied Jerry

5    Moscovitch on this letter; correct?

6        A.   Yes, she did.

7        Q.   And she copied an entity named Law Pro;

8    correct?

9        A.   Yes.

10       Q.   What is Law Pro?

11       A.   I don't know.

12       Q.   Do you know if it's an insurance company?

13       A.   I don't know.

14       Q.   What legal advice was Ms. Young seeking from

15   Mr. Waraksa?

16           MR. SCHLATHER:  Object to form.

17       A.   In other words -- well, maybe I'll ask you to

18   restate that question.

19       Q.  (BY MR. NIEDERLUECKE) Was Ms. -- well, first of

20   all, on July 4th of 2003 Mr. Waraksa no longer

21   represented Mass, did he?

22       A.   I can't say for certain that there weren't any

23   lingering patents besides the one at hand that Waraksa

24   was not responsible for, but I doubt that on 2003 -- in

25   2003 that he would have represented Jerry at that time.

Case 2:06-cv-00272-LED   Document 239   Filed 01/29/08   Page 19 of 23 PageID #: 4112
ORAL VIDEOTAPED DEPOSITION OF ALLAN TAMESHTIT

Page 118

1    I'm not 100 percent certain about that.

2         Q.   And this letter -- in this letter Ms. Young is

3    not seeking Mr. Waraksa's legal counsel, is she?

4              MR. SCHLATHER:   Object to form.

5         A.   Well, let's look at what this letters requests

6    from Mr. Waraksa.   By way of kind of an instruction to

7    Mr. Waraksa, it seems that Ms. Young is requesting that

8    Mr. Waraksa bring this matter to his insurer's attention

9    and have the insurer contact us in order to obtain

10   particulars with respect to this matter.

11        Q.   (BY MR. NIEDERLUECKE) In fact, Mass is looking

12   for Waraksa or his insurance company to pay damages

13   based on his conduct in the prosecution; correct?

14             MR. SCHLATHER:   Object to form.

15        A.   Again, on the face of this letter, it's exactly

16   what I said that Ms. Young is requesting from Waraksa.

17   I think that's speculation to suggest anything else.

18   She's, as I said, looking to Mr. Waraksa to bring this

19   matter to his insurer's attention and to have them

20   contact Gowlings.

21        Q.   (BY MR. NIEDERLUECKE) And she's put him on

22   notice of a claim by Mass against him; correct?

23             MR. SCHLATHER:   Object to form.

24        A.   Arising out of that '939 patent, yes.

25        Q.   (BY MR. NIEDERLUECKE) Do you know what

Case 2:06-cv-00272-LED   Document 239   Filed 01/29/08   Page 20 of 23 PageID #: 4113
ORAL VIDEOTAPED DEPOSITION OF ALLAN TAMESHTIT

Page 119

1    information has been redacted from this document?

2              MR. SCHLATHER:  I object on the grounds of

3    privilege, instruct the witness --

4              MR. NIEDERLUECKE:  It's a yes --

5              MR. SCHLATHER:  -- not to answer.

6              MR. NIEDERLUECKE:  -- or no question at

7    this point.

8              MR. SCHLATHER:  If you can answer the

9    question -- you can answer the question yes or no.

10        A.  I'm not certain if I, as I sit here today, know

11   what that redacted portion is.

12        Q.  (BY MR. NIEDERLUECKE) Had you -- have you seen

13   this document before in unredacted form?

14        A.  I believe I have, yes.

15        Q.  Just before the redaction there's a statement

16   that says "In particular, you were instructed to seek

17   the broadest possible patent, including one which

18   covered booking."  Do you see that?

19        A.  Yes.

20        Q.  And then there's a redacted portion; correct?

21        A.  Yes.

22        Q.  And then the statement is "Your failure to

23   follow instructions in this regard and your failure to

24   act diligently and professionally in carrying out your

25   duties has resulted in damages to my client"; correct?

1        A.  Yes.

2        Q.  So is it Mass' position that Mr. Waraksa was

3    instructed to seek a patent that included booking?

4            MR. SCHLATHER:   Object to form.

5        A.  During the '939 prosecution?

6        Q.  (BY MR. NIEDERLUECKE) Yes.

7        A.  Yes, Jerry was very much interested in

8    obtaining booking protection.

9        Q.  And that was his instruction to Mr. Waraksa?

10       A.  Yes.

11       Q.  And that instruction didn't change when

12   Mr. Waraksa provided his opinion as to the limitations

13   on the breadth of what he thought could be patented?

14           MR. SCHLATHER:   Object to form.

15       A.  The testimony shows that Jerry was adamant

16   throughout the prosecution to include the booking

17   concept.

18       Q.  (BY MR. NIEDERLUECKE) Did Mr. Moscovitch ever

19   review the claims that were filed in this application

20   before they issued?

21           MR. SCHLATHER:   Object to form.

22       A.  I would have to read -- may I look at the

23   declaration in the '939 patent?

24       Q.  (BY MR. NIEDERLUECKE) It's Exhibit 6, I

25   believe.

ORAL VIDEOTAPED DEPOSITION OF ALLAN TAMESHTIT

Page 122

1    claims that were being filed on his behalf?

2              MR. SCHLATHER:  Object to form.

3         A.   Again, on April 23, 1996, Jerry states that

4    he's reviewed and understands the contents of the

5    claims.

6         Q.   (BY MR. NIEDERLUECKE) Can you recall -- can you

7    tell me -- I'll let your attorney object if he so

8    chooses -- what information to the best of your

9    recollection was redacted from this document?

10             MR. SCHLATHER:  We're going to object on

11   the grounds of privilege and instruct the witness not to

12   answer.

13             MR. NIEDERLUECKE:  I expect you would, and

14   I'll just obviously reserve my right pending the motion

15   on this to reconvene should the Court have a broad

16   enough privilege waiver that covers these.  I assume on

17   Exhibit 27 you would have the same objection, instruct

18   him not to answer documents regarding --

19             MR. SCHLATHER:  Yeah.  We're going to

20   instruct him not to -- I mean, to the extent that you're

21   trying to ask -- that you're asking him to reveal what's

22   been redacted in these documents, we're going to object

23   that that's privileged and instruct him not to answer.

24             MR. NIEDERLUECKE:  Okay.  So these -- and

25   just so I understand because I don't know that you guys

ORAL VIDEOTAPED DEPOSITION OF ALLAN TAMESHTIT

1   since these were just recently produced -- I assume that

2   these redactions are attorney-client privilege?

3               MR. SCHLATHER:  Yes.

4        Q.  (BY MR. NIEDERLUECKE) If you look at Exhibit

5   27 --

6        A.  Yes.

7        Q.  -- after the first set of redactions

8   Mr. Waraksa is responding to Ms. Young in the letter

9   saying "Despite conflicting representations he," meaning

10  Moscovitch, "made to the U.S. Patent Office,

11  Mr. Moscovitch was not a novice inventor with little

12  patenting experience."  Do you see that?

13       A.  Yes, I do.

14       Q.  Do you -- does Mass know what conflicting

15  representations Mr. Moscovitch or Mr. Waraksa was

16  referring to?

17              MR. SCHLATHER:  Object to form.

18       A.  Offhand, I don't.  I would perhaps consult his

19  declaration to see if there's any mention of such a

20  phrase.  I'm not sure I can pinpoint you to anywhere

21  where that type of representation appears that was made

22  to the U.S. Patent Office according to this document.

23       Q.  (BY MR. NIEDERLUECKE) So you're saying at this

24  time you're not aware what conflicting representations

25  Mr. Moscovitch was accused of being -- of having made to