IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH | § § § § | |
| Plaintiffs | § § | CASE NO. 206 CV 272 |
| vs. | § § | PATENT CASE |
| ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION | § § § § § | |
| Defendants | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Ergotron's Motion to Compel Discovery and for an Order Concerning Plaintiff's Waiver of the Attorney-Client Privilege (Docket No. 162). After careful consideration of the parties' written submissions and oral arguments, the Court **GRANTS** Ergotron's Motion to Compel and issues this Order defining the scope of the privilege waiver.

**BACKGROUND**

Plaintiffs MASS Engineered Design, Inc. and Jerry Moscovitch (collectively "MASS") have accused Ergotron, Inc. ("Ergotron"), Dell Inc., CDW Corporation, and Tech Data Corporation (collectively "Defendants") of infringing U.S. Patent No. RE 36,978 (the "'978 patent"). The '978 patent is a reissue of U.S. Patent No. 5,687,939 (the "'939 patent"). After the '939 patent issued, Moscovitch talked with subsequent attorneys who believed the '939 claims were overly limited and suggested filing a reissue application. On October 1, 1998, Moscovitch filed a reissue declaration with the Untied States Patent and Trademark Office ("PTO"). In that declaration, Moscovitch claimed that he and his prior attorney, Mirek Waraksa, failed to recognize that the '939 patent claims

were unnecessarily limited. The PTO authorized the reissue and issued the '978 patent on December 5, 2000.

MASS concedes that Moscovitch waived the attorney-client privilege as to certain subject matter disclosed in his declaration. MASS previously produced several redacted documents that relate to the subject matter disclosed in the reissue application; Ergotron contends that MASS should produce those documents in their entirety. After the hearing, MASS submitted the redacted documents for *in camera* review. Ergotron seeks an order defining the scope of MASS's attorney-client privilege waiver and compelling MASS to produce the aforementioned documents without redaction.

## APPLICABLE LAW

Federal Circuit law governs discovery disputes over "materials relat[ing] to an issue of substantive patent law." *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir.2001). The extent to which a party waives its attorney-client privilege when it files a reissue declaration with the PTO involves issues of substantive patent law. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 626 (N.D. Cal. 2006) (holding that a dispute involving scope of privilege waiver in a petition to correct inventorship involves issues of substantive patent law); *see generally In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed.Cir.2006) (holding that the assertion of the advice-of counsel defense against a charge of willful patent infringement necessarily involves issues of substantive patent law).

When a party waives privilege as to a particular communication, the waiver applies to all other communications relating to the same subject matter. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005); *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1273 (Fed. Cir. 2001)

(applying Fifth Circuit law). "The scope of waiver is narrowly construed in patent cases." *Katz v. AT & T Corp.*, 191 F.R.D. 433, 440 (E.D. Pa. 2000). "There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Fort James*, 412 F.3d at 1349–50.

## ANALYSIS

As stated above, MASS concedes that the disclosures in the declaration constituted a wavier of the attorney-client privilege; thus, the sole issue is the scope of that waiver.

**Subject Matter Scope**

MASS asserts that the waiver should be limited to "(1) claim scope believed available based on prior art known to MASS's attorneys during original prosecution; [and] (2) claim scope believed available based on prior art known to MASS's attorneys upon filing the reissue declaration." Ergotron contends that the scope should include all communications relating to the "patentability of the booking feature."

Ergotron's proposed subject matter scope is too broad. Ergotron states that the difference between patentability and claim scope is merely semantics. However, limiting the waiver to issues of patentability would necessarily include not only claim scope but also subject matters such as inventorship and validity. Neither party disputes that the subject matter disclosed in the declaration relates only to the claim scope believed available. The subject matter waiver should include only issues of claim scope and not Ergortron's broad proposal of "patentability." *See Katz*, 191 F.R.D. at 440. Accordingly, the waiver should be described as "issues relating to claim scope believed

available" not "issues relating to patentability."[1]

**Temporal Scope**

The parties disagree on whether the waiver should include temporal limitations. MASS proposes the waiver should be limited to related communications that occurred before October 1, 1998, the date of the declaration. Ergotron contends that there should be no temporal limitation or, in the alternative, May 10, 2005, the date of the last certificate of correction.

Courts are split on whether waivers of attorney-client privilege should be temporally limited. *Intex Recreation Corp. v. Team Worldwide Corp.*, 439 F. Supp. 2d 46, 52 (D.D.C. 206); *compare Katz*, 191 F.R.D. at 441(finding waiver resulting from an advice of counsel defense was temporally limited) *with Leland*, 237 F.R.D. at 627 ("Once a waiver has occurred, 'it is inappropriate to limit waiver on a temporal basis.'") (quoting *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 765 F. Supp. 611, 613–14 (N.D. Cal. 1991)). MASS contends the Court should adopt the "placed at issue" language used in *Leland* to define temporal scope. *See Leland*, 237 F.R.D. at 627 (finding that the privileged information was put "at issue" for subsequent patent applications relying on the parent application). The "placed at issue" test is also recognized by the Federal Circuit. *See Winbond Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1377 (Fed. Cir. 2001) (holding that an administrative law judge did not abuse its discretion in temporally limiting the waiver because the privilege holder put the privileged communications "at issue" during a defined time period).

MASS waived its attorney-client privilege in its declaration in support of the reissue application. MASS contends that the privileged information was put "at issue" when it filed the declaration; thus, the waiver should be limited to October 1, 1998. However, MASS's privileged

---

[1] At the hearing, MASS mentioned that some of the communications related to a possible divisional patent. The waiver does not include discussions of possible divisional patents as that goes neither to the claim scope of the '939 patent nor the '978 patent.

communications remained at issue at least until the PTO issued the patent on December 5, 2000. Accordingly, the proper temporal scope is attorney-client communications within the subject matter scope defined above that took place up to and including the date of issuance, December 5, 2000. *See Leland*, 237 F.R.D. at 628 (holding that the privilege extended at least until the PTO accepted the petition for corrected inventorship).

**Documents Reviewed *in camera***

MASS submitted four documents for *in camera* inspection. The following exhibits refer to exhibits attached to Docket No. 234. As Exhibits A and B contain both privileged and non-privileged communications, the Court has identified the portions of Exhibits A and B as to which privilege no longer attaches in Appendix A. For Exhibit C, the redacted portion discusses a potential divisional patent; thus, it remains privileged. Both redacted portions of Exhibit D go to the believed claim scope; therefore, they are no longer privileged. Although the communication is dated outside the temporal scope discussed above, both portions detail conversations that occurred during the '939 patent application process; therefore, the communications revealed are within the temporal scope. Accordingly, the Court **ORDERS** MASS to produce the portions identified in Appendix A and Exhibit D without redaction.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Ergotron's Motion to Compel and **ORDERS** MASS to produce documents for which privilege has been waived. The Court further **ORDERS** that MASS produce the portions of Exhibits A and B identified as no longer privileged in Appendix A and Exhibit D without redaction.

**So ORDERED and SIGNED this 19th day of March, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX A

The portions ordered produced will be identified by the first and last few words as well as the section in which the redaction occurs (e.g. "A-1" refers to the first redacted portion of Exhibit A).

**Exhibit A**

| Section | Ruling | Reasoning |
|---|---|---|
| A-1, "This . . . my invention." | waived privilege | discusses believed claim scope |
| A-2 | privileged | discusses potential divisional patent |
| A-3 | privileged | discusses potential divisional patent |
| A-4 | privileged | discusses potential divisional patent |
| A-5 | privileged | discusses potential divisional patent |
| A-6 | privileged | discusses potential divisional patent |
| A-7 | privileged | discusses potential divisional patent |
| A-8 | privileged | discusses potential divisional patent |

**Exhibit B**

| Section | Ruling | Reasoning |
|---|---|---|
| B-1 | privileged | attorney-client communication not concerning claim scope |
| B-2, "I consequently . . that feature." | waived privilege | discusses believed claim scope |
| B-3, "He is . . . 'primary' consideration." | waived privilege | discusses believed claim scope |
| B-4 | privileged | discusses potential divisional patent |
| B-5 | privileged | discusses potential divisional patent |
| B-6, "and his . . . Moscovitch's complaint." | not privileged | former attorney's opinion regarding the reissue application, not privileged communication |