# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC. and** | § | |
| **JERRY MOSCOVITCH** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **CASE NO. 206 CV 272** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **ERGOTRON, INC., DELL INC., CDW** | § | |
| **CORPORATION, and TECH DATA** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendants** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff MASS Engineered Design, Inc.'s ("MASS") Motion for Leave to File Cross-Claim for Patent Infringement (Docket No. 265), MASS and Plaintiff Jerry Moscovitch's Motion for Leave to Amend Infringement Contentions (Docket No. 269), and Third-Party Defendant Tech Data Corporation's ("Tech Data") Motion to Dismiss CDW Corporation's ("CDW") Third-Party Complaint, or in the Alternative, Motion for More Definite Statement And Motion to Transfer, or in the Alternative, Motion to Bifurcate (Docket No. 200).  After careful consideration of the parties' written submission, the Court **GRANTS** MASS's Motion for Leave to File (Docket No. 265) and MASS's Motion for Leave to Amend (Docket No. 269) and **DENIES** in part and **GRANTS** in part  Tech Data's Motion to Dismiss (Docket No. 200).

## BACKGROUND

MASS and Jerry Moscovitch (collectively "MASS") have accused Ergotron, Inc. ('Ergotron"), Dell Inc. ("Dell"), CDW Corporation ("CDW"), and Tech Data (collectively "Defendants") of infringing U.S. Patent No. RE 36,978 (the "'978 patent"). On November 30, 2007, the Court held a *Markman* hearing and granted CDW leave to file a third-party complaint, which

named Tech Data and twelve additional parties as third-party defendants.  During the hearing, the

Court also ordered CDW to notify the Court when all third-party defendants had answered so the

Court could set a status conference.  CDW filed its third-party complaint the same day.

After receiving extensions for their answer deadlines, all third-party defendants answered

between January 14 and 18, 2008.  In place of an answer, Tech Data filed a motion to dismiss

CDW's third-party complaint.  Neither CDW nor any other party notified the Court that all third-

parties had answered nor did any party request a status conference.  On January 29, 2008, a

mediation occurred between all parties, except one third-party defendant, Global Marketing Partners.

The parties agreed to continue settlement talks after mediation.

## LEAVE TO FILE CROSS-CLAIM

On March 11, 2008, MASS moved for leave to file cross-claims against two of the third-party

defendants, Bretford Manufacturing, Inc. ("Bretford") and CSAV, Inc. ("CSAV").[1]

**Applicable Law**

"The plaintiff may assert against the third-party defendant any claim arising out of the

transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party

plaintiff." FED. R. CIV. P. 14(a)(3).

**Analysis**

The parties disagree on whether the good cause standard required under Federal Rule of Civil

Procedure 16(b)(4) applies.  Bretford contends that the Court should apply the good cause analysis

as MASS is modifying the scheduling order.  MASS contends that as Bretford and CSAV are not

---

[1] Although MASS styles the claims as "cross-claims," under Federal Rule of Civil Procedure 13, a "cross-claim" refers only to claims against a co-party.  *See* FED. R. CIV. P. 13(g).  MASS attached a copy of its "cross-claims" as Exhibit A to Docket Number 265.  The Court will treat MASS's motion as leave to amend its original complaint to assert claims against Bretford and CSAV.

yet parties to the original scheduling order, good cause need not be shown.  CSAV does not address the issue of good cause but states that Rule 14 should be interpreted in light of Rule 15 as MASS is amending its complaint.

Since the Court previously granted leave and allowed the third-party defendants to be brought into the case, requiring MASS to show good cause under the scheduling order to assert its claims is not appropriate.  Rather, the more appropriate standard is Rule 15(a)(2)—"The court should freely give leave when justice so requires."  FED R. CIV. P. 15(a)(2).

While Rule 14 does not prescribe a specific time period upon which the plaintiff may assert the claim against a third-party defendant, it would be illogical to allow the plaintiff to assert the claim without regard to the potential prejudice suffered by the third-party defendant.  *See Martin v. Lociccero*, 917 F. Supp 178, 183 (E.D.N.Y 1995) ("the procedure [under Rule 14] usually adopted by the parties, and followed by the courts, is application for leave to amend the original complaint pursuant to Rule 15"); *Sklar v. Hayes*, 1 F.R.D. 594, 596 (E.D. Pa. 1941) (holding that Rule 14 and Rule 15 should work in concert).

Bretford and CSAV contend they will suffer great prejudice if leave is granted.  As examples, they highlight that the Court has already considered and issued its claim construction ruling, that discovery has been ongoing for over a year and is set to end shortly, and that they will be unable to meet impending deadlines.  In its reply, MASS stated it was willing to work with Bretford and CSAV on an expedited schedule, which MASS believes would cure any resulting prejudice.

Any resulting prejudice that Bretford and CSAV may suffer would be slight.  Trial is still six months away.  *See* Docket No. 298.  Discovery does not close until August 15, 2008; dispositive motions are not due until August 25, 2008.  *See id*.  If necessary, the Court will also permit Bretford and CSAV to submit any claim construction arguments, which were not presented to the Court in

previous claim construction briefing.  As trial is still seven months away, Bretford and CSAV could seek extensions of deadlines if necessary.  Thus, resulting prejudice, if any, may be cured by amending the Docket Control Order.

Finally, given the parties' gamesmanship in this matter, the Court is even more reluctant to find that Bretford and CSAV are more than slightly prejudiced by this ruling.  CDW stated that before filing its third-party complaint, it had been negotiating with Bretford and CSAV for indemnification in the present suit.  Bretford and CSAV certainly knew they would be brought in as third-parties and were on notice that MASS, under Rule 14, could potentially assert infringement claims directly against them at that time.  Instead of seeking to join the present suit voluntarily before the *Markman*, Bretford and CSAV waited for CDW to file its third-party complaint, and then Bretford and CSAV filed two separate declaratory actions—which involve the same patent and products already in issue in this suit—against MASS in two separate forums.

MASS is equally as culpable as it knew Bretford and CSAV manufactured some of the accused products; thus, it also could have brought suit against those parties much earlier.  However, granting MASS leave to amend its complaint serves the interest of justice and preserves judicial economy by providing one forum to resolve these related issues expeditiously.  *Dishong v. Peabody*, 219 F.R.D. 382, 385 (E.D. Va. 2003) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit.").

Accordingly, the Court **GRANTS** MASS's motion to amend its complaint to include claims of infringement against Bretford and CSAV.[2]  The Court **ORDERS** the parties to file a notice for

---

[2] MASS does not specify whether it wishes to assert its claims against Bretford and CSAV via amendment or new pleading.  There is no practical difference between these two options.  However, it would be administratively easier if MASS amended its complaint rather than filing a separate, new pleading, which would require the parties to keep track of three separate complaints—MASS's Original Complaint, CDW's Third-Party Complaint, and MASS's

Case 2:06-cv-00272-LED   Document 315   Filed 04/30/08   Page 5 of 13 PageID #:  5665


status conference within ten days if modifications to the Docket control order are necessary and cannot be agreed upon.

## LEAVE TO AMEND INFRINGEMENT CONTENTIONS

On March 14, 2008, MASS moved for leave to amend its infringement contentions with respect to CDW and Tech Data, naming new accused products, some of which are manufactured by Bretford and CSAV.

### Applicable Law

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four factors to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id*.

### Analysis

CDW is unopposed to MASS amending its infringement contentions if the Court permits MASS to file its cross-claim against Bretford and CSAV. *See* Docket No. 303. The Court previously granted MASS's leave to file; accordingly, it grants MASS's leave to amend its infringement contentions as to CDW.

---

complaint against Bretford and CSAV. Thus, the Court construes MASS's motion as requesting leave to amend.

As to Tech Data, the first factor weighs in favor of finding good cause.  MASS contends that Tech Data blocked access to discovery, which would have allowed MASS to identify the proposed new products earlier.  According to MASS, Tech Data's website is password protected, and Tech Data only granted MASS access on February 11, 2008, a month before this motion.  Also, MASS claims that it sent an interrogatory to Tech Data requesting identification of all "multi-display systems" that Tech Data has or does sell.  According to MASS, Tech Data initially failed to identify the proposed new products and subsequently failed to supplement its answer to the interrogatory.  If Tech Data had properly answered the propounded interrogatory or granted earlier access to its website,  then MASS would have known about the newly proposed products prior to the leave to amend deadline, and this entire motion practice might have been avoided.

The second factor is the importance of what would be excluded.  MASS requests leave to add the new products sold by Tech Data.  If leave to amend were denied, MASS would be unable to accuse the new products of infringement.  This factor weighs in favor of granting leave.

The third factor also weighs in favor of granting leave.  MASS contends that no prejudice exists, as all parties previously agreed to extend expert report and discovery deadlines.  Tech Data's only claim of prejudice is that Bretford and CSAV are not presently parties to the suit.  Since the Court granted MASS leave to amend its complaint, Tech Data's argument is now moot.  As the pertinent deadlines have been extended and the manufacturers are present, Tech Data will suffer no prejudice from the amendment.

As no prejudice exists, the fourth factor is neutral.

All four factors either weigh in favor of or are neutral to granting leave to amend.  Thus, the Court **GRANTS** MASS's Motion for Leave to Amend Infringement Contentions as to Tech Data and CDW.

## MOTION TO DISMISS AND TRANSFER

The Court granted CDW leave to file its third-party complaint on November 30, 2007.  CDW named Tech Data, a non-manufacturing distributor, as a third-party defendant.  Tech Data moves to dismiss the claim, or in the alternative, for a more definite statement, and moves to transfer, or in the alternative, to bifurcate the third-party claim.

**Motion to Dismiss or For More Definite Statement**

Tech Data moves to dismiss CDW's complaint for failure to state a claim upon which relief could be granted.  CDW alleges that under Section 2-312 of the Uniform Commercial Code, Tech Data warranted the goods would be "delivered free of any rightful claim of infringement, among other express and implied warranties."  Docket No. 159, ¶ 57.  CDW also alleges that Tech Data breached their agreement to pass through any warranties and agreements to indemnify from the manufacturers to CDW, by failing to use "commercially reasonable efforts" to ensure pass through. *Id*. at ¶¶ 58–61.

In the alternative, Tech Data moves for a more definite statement to force CDW to specifically allege what "commercially reasonable efforts" Tech Data allegedly failed to undertake.

<u>Applicable Law</u>

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a party fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, a court construes the complaint in favor of the plaintiff and all facts pleaded are taken to be true, no matter how improbable those facts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).  The complaint  must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, __U.S. __, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 204 (5th Cir. 2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 127 S. Ct. at 1965.  However, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations."  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).  A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).

Analysis

Tech Data contends CDW's complaint requires dismissal because CDW requests relief under Section 2-312 of the Uniform Commercial Code, which CDW expressly waived, and CDW fails to allege a breach of contract claim.  CDW contends that it properly alleges a breach of contract claim and that the relief under Section 2-312 is in the alternative.

"The essential elements of a claim for breach of contract under New York law are: (1) the existence of a contract; (2) due performance by plaintiff; (3) breach of the contract by defendant; and (4) damage as a result of the breach."[3]  *Campo v. 1st Nationwide Bank*, 857 F. Supp. 264, 270 (E.D.N.Y. 1994).  "The plaintiff need not plead each element individually as long as the complaint contains 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

CDW adequately pled all four elements.  CDW alleged that it and Tech Data entered into a Distributor Agreement.  Docket No. 159 at ¶ 58.  CDW also alleged that it purchased several of the

---

[3] The Distributer Agreement states that New York law controls.  *See* Tech Data's Motion, Ex. A.

accused products from Tech Data and has performed all conditions precedent to Tech Data's obligations. *Id*. at ¶¶ 26, 58, 61. Regarding Tech Data's breach, CDW alleged that Tech Data failed to use "commercially reasonable efforts" to facilitate the pass through of indemnification from the manufacturers. *Id*. at ¶¶ 58–60. CDW also alleged the damages that resulted. *Id*. at ¶¶ 90–92. These allegations are more than sufficient under Rule 8(a)(2).

As for relief requested under UCC 2-312, Tech Data expressly waived any warranties, expressed or implied, in the Distributer's Agreement. *See* Tech Data's Motion, Ex. A ("CDW acknowledges and agrees that nothing in this Agreement shall be interpreted to mean that Supplier is providing any indemnification or warranty on the Products."). Therefore, CDW cannot state a claim for relief under UCC 2-312.[4]

Tech Data moved, in the alternative, for a more definite statement. Tech Data contends that CDW should specifically plead what alleged "commercially reasonable efforts" Tech Data has failed to undertake. CDW is not required to specifically plead the acts that constitute Tech Data's breach. *See Charles E. Beard, Inc. v. Cameronics Tech. Corp.*, 120 F.R.D. 40, 41 (E.D. Tex. 1988) (Cobb, J.); Fed. R. Civ. P. 8(a)(2). "Such detail is better left to the many devices of discovery." *Cameronics*, 120 F.R.D. at 41.

Accordingly, the Court **DENIES** in part and **GRANTS** in part Tech Data's Motion to Dismiss.

---

[4]In its Sur-Reply, CDW contends for the first time that Section 2-719 overcomes this express waiver as Tech Data agreed to provide an exclusive remedy which failed of its essential purpose. *See* N.Y.U.C.C. § 2-719. Although Section 2-719 may allow CDW to overcome Tech Data's express waiver, CDW has not alleged any facts that Tech Data's exclusive remedy failed its essential purpose. *See* Docket No. 159. Thus, CDW's third-party complaint does not give Tech Data the notice of Section 2-719's applicability as required under Rule 8(a)(2).

**Motion to Transfer or to Bifurcate**

Tech Data also moved to transfer CDW's third-party claim under 15 U.S.C. § 1404(a).  The

Distributor Agreement between Tech Data and CDW contains a forum selection clause, which

provides, "Any action arising out of a dispute between the parties shall be brought in the city and

state of the respondent party."  Tech Data's Motion, Ex. A.

Applicable Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought."  28

U.S.C. § 1404(a).  The first determination to be made under 28 U.S.C. § 1404(a) is whether the

claim could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG*,

371 F.3d 201, 203 (5th Cir. 2004).  If so, under § 1404(a), a court examines "the convenience of the

parties and witnesses."  *Id*.  The convenience determination involves examining several private and

public interest factors, none of which are given dispositive weight.  *Id.*

The private factors include: (1) the relative ease of access to sources of proof; (2) the

availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost

of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and

inexpensive.  *Id*.  The public factors include: (1) the administrative difficulties flowing from court

congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity

with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving

foreign law's application.  *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice

by itself is not conclusive or determinative.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.

2003).  *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508).  A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims.  *In re Volkswagen AG*, 371 F.3d at 204.  The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

A forum selection clause is also a significant factor in the 1404(a) analysis, but it is not dispositive.  *Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 373 (S.D. Tex. 2004).  The defendant still has the burden of showing that the remaining factors favor transfer.  *Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.*, 43 F. Supp. 2d 749, 754 (S.D. Tex 1999).  Relying exclusively upon the forum selection clause will often be insufficient to warrant transfer.  *Lafargue v. Union Pacific R.R.*, 154 F. Supp. 2d 1001, 1005 (S.D. Tex. 2001) ("a third-party defendant would generally be wise to articulate reasons why the array of § 1404(a) factors support its transfer effort").

Courts may order separate trials of any combination of claims and counterclaims if such an order would be convenient or avoid prejudice, or if separate trials would be conducive to expedition and economy.  FED. R. CIV. P. 42(b).  The decision to order a separate trial is within the sole discretion of the district court.  *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *see also In re Diagnostics*, 800 F.2d 1077, 1084–86 (Fed. Cir. 1986).

Analysis

Tech Data contends that the Distributor Agreement's forum selection clause should control, thereby making venue more convenient in the Middle District of Florida. Tech Data does not offer any substantive analysis of the convenience factors and relies solely on the forum selection clause as the reason to transfer. However, the remaining 1404(a) factors weigh against transfer.

While the public factors are neutral, the private factors all weigh against transfer. Tech Data is the distributor of products made by manufacturers who are also named as third-party defendants. CDW's claim against Tech Data involves Tech Data's failure to pass through indemnity owed to CDW by the third-party defendant manufacturers. It is foreseeable that the third-party manufacturers would be potential witnesses in CDW's claim against Tech Data. As those manufacturers will already be defending against CDW's indemnification claims in this Court, the sources of proof will be present in this forum. Also, as most of the non-party witnesses would be the same third-party defendants, the cost of compelling witness attendance will be minimal. These factors weigh against transfer.

Another factor weighing against transfer is this Court's familiarity with the parties and subject matter. Trial is currently set for November 10, 2008; this will provide the parties the most expeditious resolution as transfer could postpone trial for more than a year. Accordingly, all the private factors weigh against transfer.

As Tech Data will defend against MASS's suit in this Court, transferring this third-party claim would only serve to increase inconvenience and expenses for the parties. As the private factors strongly weigh against transfer, the Court declines to enforce the forum selection clause in favor of preserving judicial resources.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** MASS's Motion for Leave to File (Docket No. 265) and MASS's Motion for Leave to Amend (Docket No. 269), **ORDERS** the parties to file a notice for status conference if necessary, and **DENIES** in part and **GRANTS** in part Tech Data's Motion to Dismiss (Docket No. 200).

**So ORDERED and SIGNED this 30th day of April, 2008.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**