**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC. and** | § | |
| **JERRY MOSCOVITCH** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **CASE NO. 206 CV 272** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **ERGOTRON, INC., DELL INC., CDW** | § | |
| **CORPORATION, and TECH DATA** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendants** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs MASS Engineered Design, Inc. and Jerry Moscovitch's (collectively "MASS") Motion For Leave to Amend Their Answer to Dell Marketing, L.P.'s Counterclaim (Docket No. 279) and MASS's Motion for Leave to Serve Invalidity Contentions (Docket No. 281).   After careful consideration of the parties' written submissions, the Court **DENIES** both of MASS's motions for leave.

## MOTION FOR LEAVE TO SERVE INVALIDITY CONTENTIONS

**Background**

MASS and Jerry Moscovitch (collectively "MASS") allege Ergotron, Inc. ("Ergotron"), Dell Inc. ("Dell"), CDW Corporation ("CDW"), and Tech Data (collectively "Defendants") infringe U.S. Patent No. RE 36,978 (the "'978 patent").   On May 11, 2007, the Court granted Dell Marketing L.P.'s ("DMLP"), Dell's indirect subsidiary, motion to intervene.   DMLP answered MASS's complaint and asserted a counter-claim alleging MASS infringed U.S. Patent No. 5,673,170 (the "'170 patent").   After Dell and DMLP served their infringement contentions for the '170 patent, the

Court issued a Revised Docket Control Order requiring MASS to serve its Patent Rule 3-3 invalidity contentions by June 6, 2007.  MASS did not serve any invalidity contentions.  A week later, MASS answered DMLP's counterclaim without alleging invalidity as an affirmative defense.

On June 15, 2007, the parties exchanged disputed claim terms for the '170 patent.  On March 13, 2008, the Court issued its claim construction opinion construing disputed terms in the '978 and '170 patents.  MASS subsequently moved for leave to amend its answer and to serve invalidity contentions.

**Applicable Law**

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause.  FED. R. CIV. P. 16.  The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines.  *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003).  The Court has broad discretion  to allow scheduling order modifications and considers four factors to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.  *Id.* at 536.  A party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all.  *Id*.

**Analysis**

MASS does not claim that it could not meet the Court's deadlines but simply that it *chose* not to meet the deadlines.  MASS contends that invalidity arguments are costly; thus, MASS proposed constructions that focused solely on its non-infringement argument.  MASS also claims

that it did not anticipate the Court's "very broad constructions."

While invalidity arguments may prove to be a costly endeavor, this Court's rules oblige MASS to assert such a defense early in the litigation if it is going to assert the defense at all.  MASS, as the original plaintiff, chose this forum and thus chose this forum's rules.  It cannot pick and choose which rules and orders to follow and which to ignore.  Choosing to avoid potential litigation expenses is not an adequate explanation for ignoring this Court's orders.

Equally unavailing is MASS's explanation that it did not anticipate the Court's constructions.  This is not a situation where the Court issued constructions that greatly differed from what the parties proposed.   Rather, the Court adopted all of DMLP's proposed constructions, without major modification.  Thus, MASS was on notice of the possibility of the Court's constructions from at least the time MASS proposed its constructions.  MASS's "wait-and-see" approach to claim construction is antithetical to the Local Patent Rules.  Allowing such an approach would completely abrogate the purpose of the Patent Rules, which is to effectuate an orderly and efficient pretrial process.  *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004) (Davis, J.).  Such a policy would encourage future accused infringers to propose narrow constructions focused on non-infringement while sidelining potential invalidity defenses until the Court issues its claim construction opinion.  Such gamesmanship is not tolerated in this Court, and the Court's rules are intended to avoid this type of chicanery.  Accordingly, this factor heavily weighs against finding good cause.

The exclusion of invalidity contentions is highly important as exclusion would prohibit MASS  from asserting an invalidity defense.  This factor weighs in favor of finding good cause; however, it also underscores MASS's inadequate explanation for failing to plead its "highly important" affirmative defense on time.

3

Allowing MASS leave would prejudice DMLP.  MASS argues that DMLP was, or should be, aware of most of the asserted prior art as DMLP listed much of the prior art in its own invalidity contentions for the '978 patent.  However, this argument underscores the prejudice to DMLP as MASS incurred the benefit of timely and complete prior art disclosures early on in the litigation, a benefit of which MASS deprived DMLP.  Also, the additional prior art references may give rise to new claim construction issues.  Extensive additional research may also be needed, requiring DMLP to secure additional experts.  Thus, allowing the invalidity contentions would be highly prejudicial to DMLP.  This factor weighs against finding good cause.

Although trial is still six months away, a continuance would most likely not cure DMLP's prejudice.  Unlike the typical case of amending invalidity contentions, MASS is seeking to add a previously undisclosed defense.  The late addition of invalidity contentions would require DMLP to shift its trial strategy from not only infringement but also to defending the '170 patent's validity.  While enough time and resources will eventually cure any prejudice, this would not contribute to a just and speedy determination of the merits.  This factor is at most neutral in finding good cause.

Furthermore, the Court will not reward MASS for its gamesmanship.  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Finsar Corp. v. DirectTV Group, Inc.*, 424 F. Supp. 2d 896, 901 (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860 * 3 (N.D. Cal. June 16, 2004)).  Allowing MASS to serve its untimely invalidity contentions would open the floodgates for other accused infringers to circumvent the Local Patent Rules, thereby completely nullifying Patent Rule 3-3.

MASS has not shown good cause for granting leave; accordingly, the Court **DENIES** MASS's motion.

## MOTION FOR LEAVE TO AMEND ANSWER

As the Court denied MASS's Motion for Leave to Serve Invalidity Contentions, MASS's Motion for Leave to Amend Its Answer is futile.  As noted above, MASS is prohibited from introducing evidence of invalidity because MASS failed to timely serve its invalidity contentions. *See* FED. R. CIV. P. 37(b)(2)(A)(ii) ("[the court may prohibit] the disobedient party from supporting or opposing designated claims or defense, or from introducing designated matters in evidence"). Thus, MASS would be unable to prove the issue of invalidity.

Furthermore, the same reasoning discussed above weighs against granting MASS leave to amend its answer to include an invalidity defense.  The Court will not reward MASS for its dillatory tactics.  Accordingly, the Court **DENIES** MASS's Motion for Leave to Amend.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** MASS's motions for leave (Docket Nos. 279 and 281).

**So ORDERED and SIGNED this 30th day of May, 2008.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**