IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH<br><br>Plaintiffs<br><br>vs.<br><br>ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION<br><br>Defendants | CASE NO. 206 CV 272<br>PATENT CASE |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Third-Party Plaintiff CDW Corporation's ("CDW") Rule 56(d) Motion for Partial Summary Judgment of the Liability of Third-Party Defendant Global Marketing Partners, Inc. ("Global") (Docket No. 295). After careful consideration of the parties' written submissions, the Court **GRANTS** CDW's motion.

**BACKGROUND**

On June 7, 2006, Plaintiffs filed their complaint alleging that CDW and the other defendants infringed U.S. Patent No. RE 36,978, which covers technology involving the mounting of multiple displays to increase a computer user's potential viewing area. In February of 2007, Plaintiffs served infringement contentions that specifically identified products distributed by Global. On April 6, 2007, CDW demanded that Ingram Micro, Inc. ("Ingram"), a sub-distributor for Global, defend and indemnify CDW in the present action. On April 17, 2007, Ingram forwarded CDW's demand to Global.

Global and Ingram declined to defend or indemnify CDW, and CDW moved for leave to file

a third-party complaint seeking a declaration that Ingram and Global had an obligation to defend and indemnify. The Court granted leave, and on November 30, 2007, CDW filed its complaint. On January 18, 2008, Ingram cross-claimed against Global seeking indemnification. Global answered the cross-claim admitting it had a duty to indemnify Ingram and its resellers. As a result, CDW moved for summary judgment on the pleadings.

## STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports

his claim. *Ragas*, 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## ANALYSIS

Global does not deny that it has an agreement to indemnify Ingram and its resellers, nor does it deny that CDW is one of Ingram's resellers. The only issues are whether CDW was required to give Global notice of threats of infringement, and if so required, was that notice reasonable.

Global argues that California law and the Sub-Distributor Agreement ("Agreement") require CDW to give notice of threats of infringement and that such notice must be given within a reasonable time, which creates an issue of fact. CDW contends that neither the statute nor the Agreement required CDW to give notice to Global, thus the question of reasonableness is irrelevant.

Global claims that Section 2607 of the California Commercial Code imposes a reasonable notice requirement on CDW. Section 2607 states in pertinent part:

> If the claim is one for infringement or the like . . . and the buyer is sued as a result of such a breach, the buyer must so notify the seller within a reasonable time after he or she receives notice of the litigation or be barred from any remedy over for liability established by the litigation.

Cal. Com. Code § 2607(3)(B). While there is no dispute that Section 2607 applies to express warranties, CDW is not relying on the Agreement's express warranty of non-infringement. *See* Docket No. 316 at 4 ("CDW does not move for summary judgment under the California Uniform Commercial Code"). Instead, CDW relies on the indemnity clause in Paragraph 12.3, which is governed by California Civil Code Section 2778 not by Section 2607. *See* Cal. Civ. Code § 2778 ("Rules for Interpreting Agreement of Indemnity"). Under Section 2778, it is well settled law that

3

the indemnitee is not required to give notice to the indemnitor unless expressly stated in the agreement. *Eva v. Andersen*, 137 P. 16, 18 (Cal. 1913); *City of Watsonville v. Corrigan*, 58 Cal. Rptr. 3d 458, 464 (Cal. Ct. App. 2007) ("While [Section 2778(4)] specifies that notice may be given to the person indemnifying, it does not make such notice compulsory"); *see also*, Cal. Civ. Code § 2778 (4)–(6). Accordingly, to hold Global liable for indemnity, California law does not require CDW to have given Global notice on any set time frame.[1]

Global also contends that the indemnity clause requires that CDW give reasonable notice. The clause reads

> 12.3 <u>Intellectual Property Rights Indemnity</u>  Global shall defend, indemnify and hold Ingram, its resellers and their customers, harmless from and against all damages and costs incurred by any of them arising from the infringement of any patent, copyright, trademark, trade secret or other proprietary right by reason of the manufacture, sale, marketing or use of Product.
> <u>Product Infringement</u> Upon threat of claim of infringement, Global may, at its expense and option (i) procure the right to continue using any part of the Product, (ii) replace the infringing Product with a non-infringing Product of similar performance, or (iii) modify Product to make it non-infringing. If Global's Vendor does not so act within ninety (90) days after such claim, Ingram may return Product to Global for a full credit against future purchases or for a cash refund, at Ingram's option.

Docket No. 295, Exh. K ¶ 12.3. Global claims that the "upon threat of claim of infringement" language creates an affirmative duty for CDW to give notice of infringement. Even if this language imposed a notice requirement,[2] this language pertains to the description of Global's rights to cure the defect not Global's promise to defend and indemnify, which is described in the preceding paragraph. If Global wanted to require notice, it should have expressly stated such a requirement in the paragraph

---

[1] According to the statute, the issue of notice does not waive reimbursement of costs; rather it "merely requires that the [indemnitee] prove that he tendered a reasonable defense." *Sunset-Sternau Food Co. v. Bonzi*, 389 P.2d 133, 140 (Cal. 1964).

[2] As the remedies enumerated in that paragraph are not germane to CDW's motion, the Court does not decide this issue.

regarding indemnity. Accordingly, the Agreement does require CDW to give notice of threats of infringement, thereby making the issue of reasonableness moot.

Therefore, as Global judicially admitted responsibility to indemnify Ingram and its resellers and Global does not deny that CDW is one of Ingram's resellers, Global is liable to indemnify CDW in the underlying suit.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** CDW's motion (Docket No. 295).

**So ORDERED and SIGNED this 7th day of August, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**