**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, | ) ) ) | CASE NO: 2-06CV-272 (LED) |
| Plaintiffs, Counter-defendants, Cross-claimants, | ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| ERGOTRON, DELL INC, DELL MARKETING LP, TECH DATA CORPORATION, CSAV, INC., BRETFORD MANUFACTURING, INC. | ) ) ) ) ) | |
| Defendants, Counterclaimants, | ) ) | |
| CDW CORPORATION, | ) ) | |
| Defendant, Counterclaimant and Third-Party Plaintiff, | ) ) ) | |
| and | ) ) | |
| A.B. DISTRIBUTING, INC. D&H DISTRIBUTING COMPANY, EIZO NANO TECHNOLOGIES INC., INGRAM MICRO INC., INTERNATIONAL AUDIO VISUAL INC., SYNNEX CORPORATION, TECH DATA CORPORATION, CSAV, INC., GLOBAL MARKETING PARTNERS, INC., SEA LAND, INC., PEERLESS INDUSTRIES, INC., DOUBLESIGHT DISPLAYS, LLC AND BRETFORD MANUFACTURING, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

**ERGOTRON'S REPLY BRIEF IN SUPPORT OF ERGOTRON'S SECOND MOTION
TO COMPEL DISCOVERY**

### A. Communications with Mirek Waraksa Are Not Privileged

In an effort to claim privilege for their communications with Mirek Waraksa, Plaintiffs mischaracterize the facts and the law.

Plaintiffs wrongly claim that "Waraksa testified that he was acting as Mass' Canadian lawyer."[1] The cited testimony does not support Plaintiffs' assertion. Although Waraksa performed legal work for Mass in Canada, it is undisputed that he acted as a U.S. patent agent in connection with the communications at issue.[2]

Plaintiffs argue that *Rice v. Honeywell International* and the other cases cited in Erogtron's brief do not apply because they involved *foreign* patent agents. Plaintiffs' Brief, p. 2. Plaintiffs are incorrect. *Agfa Corporation v. Creo Products, Inc.*, 2002 WL 1787534 (D. Mass. 2002) dealt with a U.S. patent agent and rejected the assertion that such communications are privileged. This Court cited *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69 (S.D.N.Y. 2006), which dealt with a registered U.S. patent agent, as the basis for its decision in *Rice v. Honeywell*, 2007 WL 865687 (E.D. Tex. 2007), which involved a foreign patent agent. Both courts concluded that communications with patent agents are not privileged. *Rivastigmine*, 237 F.R.D. at 74; *Rice*, 2007 WL 865687 at *2.

Although the patent agent in *Rice v. Honeywell* was a foreign patent agent, Plaintiffs have offered no reason foreign and U.S. patent agents should be treated differently.

Plaintiffs also mis-cite *Sperry v. Florida*, 373 U.S. 379 (1963). Plaintiffs claim *Sperry* held "that a patent agent is engaged in the practice of law." Plaintiffs' Brief, p. 2. *Sperry* does not stand for that proposition. In *Sperry*, the Supreme Court held that a state may not prohibit a

---

[1] Plaintiffs' Opposition to Ergotron's Second Motion to Compel Discovery, p. 1.
[2] Ergotron Exhibit 12 submitted with Ergotron's Second Motion to Compel Discovery (hereafter "EX-___") p. 5:11 - 6:3; 8:12-18; EX. 17, p. 259:17-21.

1

registered patent agent from prosecuting patent applications before the USPTO.  *Id*. at 395-96.  Sperry does *not* say that registered patent agents are engaged in the practice of law.

Finally, Plaintiffs wrongly assert that Ergotron "admits communications with Waraksa are privileged" because Ergotron's prior motion to compel sought disclosure of communications with Waraksa based on Plaintiffs' waiver of the attorney-client privilege.  Plaintiffs' Brief, p. 4.  Until the day Waraksa testified in deposition, Plaintiffs represented that Waraksa acted as Plaintiffs' lawyer in connection with the '939 patent.  *See* EX 2-5; Plaintiffs' Exhibit 23, p. 15.  Plaintiffs' representation turned out to be false.  When Waraksa testified that he acted as a U.S. patent agent with respect to the communications being withheld, Ergotron promptly demanded that Plaintiffs produce them.  Obviously, Ergotron does not "admit[] communications with Waraksa are privileged," as Plaintiffs contend.  Plaintiffs Brief, p. 4.

      B.      **Plaintiffs Improperly Threatened Waraksa**

Plaintiffs told Mirek Waraksa that he could not provide a deposition and that he could not talk to Defendants' counsel without Plaintiffs' counsel being present.  Plaintiffs then threatened Waraksa if he did not comply.  Plaintiffs provided no authority for their demands, either to Waraksa or to this Court.

Plaintiffs incorrectly assert that "Ergotron does not contest that the letter [to Waraksa] accurately recited the law [and] facts."  Plaintiffs' Brief, p. 6.  As Ergotron explained in the parties' meet and confer and in its motion, the letter misstates the law and facts.  Plaintiffs' threats find no support in the Federal Rules of Civil Procedure, this Court's Local Rules, or federal case law.  Canadian law does not apply in this action, but Plaintiffs have not provided any support for their conduct under Canadian law either.

2

Plaintiffs argue that they were forced to threaten Waraksa because they did not know if he was divulging privileged communications.  The facts do not support this argument.  Ergotron's counsel provided Mirek Waraksa with a copy of the Court's March 19th Order before having any substantive discussion with him and then limited the discussion to subjects where privilege was waived.  *See* Plaintiffs' Exhibit 11.  Waraksa also referenced the Court's order in his communications with Plaintiffs' counsel.  Plaintiffs' Exhibit 28.  Thus, Plaintiffs' counsel knew that Waraksa had been told about the scope of the waiver.  Ergotron also produced all its communications with Waraksa.  Notably, Plaintiffs have identified nothing improper about the communications.  More importantly, however, Plaintiffs' letters to Waraksa went well beyond reminding him to protect what Plaintiffs believe are privileged communications.

**C.     Ergotron Complied with the "Meet and Confer" Requirement.**

The Court should require Plaintiffs to produce materials being withheld as privileged because of Plaintiffs' intimidation of Mirek Waraksa.  Plaintiffs ask the Court to strike this requested relief, allegedly because Ergotron did not meet and confer with Plaintiffs.  Any discussion of the remedy that should flow from Plaintiffs' misconduct would have been futile in light of Plaintiffs steadfast denial of any wrongdoing and Plaintiffs' refusal to produce the allegedly privileged materials at issue in this motion.

Plaintiffs concede that lead and local counsel for the parties engaged in a "meet and confer" by telephone on June 24, 2008.  During the conference, the parties discussed Plaintiffs' contention that communications with a U.S. patent agent are privileged and the redacted documents at issue in Erogtron's motion.  Plaintiffs refused to produce any information being withheld as privileged.  The parties agreed that the dispute could not be resolved and that motion practice would be necessary.

Plaintiffs also concede that the litigants engaged in a "meet and confer" concerning the threatening letters directed to Mirek Waraksa. As a result of that session, Plaintiffs agreed to send a letter to Waraksa allowing him to appear for deposition. The letter Plaintiffs subsequently sent Waraksa resolved the immediate need for a hot line call, but did not resolve the larger issue created by Plaintiffs' threatening correspondence. (Ergotron's response to the proposed letter states that the letter "resolve[s] the need for a hot line call *today*." Plaintiffs' Exhibit 18.) At no time did Ergotron suggest that the letter resolved the larger issue created by Plaintiffs' intimidation tactics.

The "meet and confer" requirement in Local Rule CV-7(h) does not require the parties to rehash misdeeds that have already occurred and cannot be undone. Ergotron had two meet and confer sessions with Plaintiffs before bringing this motion. Unless Plaintiffs are willing to produce the materials being withheld based on a claim of privilege because of their misconduct, they are placing form over substance.

Plaintiffs' request to strike portions of Ergotron's motion based on an alleged failure to comply with Local Rule CV-7(h) should be rejected.

**D.  Plaintiffs Cannot Excuse the Late Identification of Critical Documents**

The eleven documents specifically discussed in Ergotron's motion -- Exhibits A-K -- are critical. Plaintiffs attempt to excuse their untimely disclosure of Exhibits A-K because they produced an updated privilege log "prior to the hearing" on Ergotron's first motion to compel. Plaintiffs' Brief, p. 9. What Plaintiffs do not tell the Court is that they provided the log on January 24, 2008, two business days before the hearing. *See* Plaintiffs' Exhibit 23. Moreover, the January 24th log referenced only four of the documents at issue: Exhibit E (letter from Spiegel to Rolston), Exhibit G (memo discussing re-issue application), Exhibit H (draft letter to

4

Waraksa seeking cooperation with re-issue application), and one of the draft declarations included in Exhibit A.  Plaintiffs misleadingly described the draft re-issue declaration as a draft declaration for a "potential negligence action" (Plaintiffs' Exhibit 23, p. 13), and the draft letter to Waraksa as "letter re: negligence in patent prosecution representation" (*Id*., p. 2).  Due to the tardy disclosure and misleading descriptions, Ergotron had no opportunity to raise issues concerning the documents in the January 24th log, let alone the hundreds of documents identified for the first time months later.

### E. The Divisional Application Relates to the Claim Scope Believed Available

Plaintiffs attempt to justify several of their redactions on the grounds that they relate to a "separate invention and potential (divisional) patent application."  Plaintiffs' Brief, p. 10.  The suggestion that the divisional application is unrelated to the re-issue patent should be rejected.  A divisional patent application is a "later application for an independent or distinct invention, carved out of a pending application and disclosing and claiming only subject matter disclosed in the earlier or parent application."  37 C.F.R. § 201.06 (July 1998).  In other words, a divisional application must come out of the four corners of the initial application.  Plaintiffs' discussions with Waraksa and others concerning a divisional application necessarily involve the same alleged invention as claimed in the patent in suit.  Furthermore, the communications concerning a divisional application likely explain the scope of the claims Plaintiffs believed available at that time.

Ergotron's motion should be granted.

Dated: August 22, 2008 Respectfully submitted,

By: _s/ Lora M. Friedemann_
    Kurt J. Niederluecke (#271597)
    Lora Mitchell Friedemann (#259615)
    FREDRIKSON & BYRON, P.A.
    200 South Sixth Street, Ste 4000
    Minneapolis, MN 55402-1425
    612.492.7000 (telephone)
    612.492.7077 (facsimile)

    ATTORNEYS FOR DEFENDANTS ERGOTRON, INC., CDW CORPORATION AND TECH DATA CORPORATION

4419565

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 22nd day of August, 2008.

                                       s/Lora M. Friedemann
                                       Lora M. Friedemann

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has conferred with opposing counsel in a good faith attempt to resolve the issues raised in this opposed motion without the need for court intervention.

By:  s/Lora M. Friedemann
Kurt J. Niederluecke (#0271597)
Lora Mitchell Friedemann (#259615)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Ste 4000
Minneapolis, MN 55402-1425
612.492.7000 (telephone)
612.492.7077 (facsimile)

ATTORNEYS FOR DEFENDANTS ERGOTRON, INC., CDW CORPORATION AND TECH DATA CORPORATION

4419565