# IN THE UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., ) | |
| And JERRY MOSCOVITCH, ) | CASE NO : 2-06CV-272 (LED) |
| ) | |
| Plaintiffs, Counter-defendants, ) | |
| Cross –claimants, ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| ERGOTRON, DELL, CDW ) | |
| CORPORATION, TECH DATA ) | |
| CORPORATION, CSAV, INC., ) | |
| BRETFORD MANUFACTURING, INC. ) | |
| ) | |
| Defendants, Counterclaimants, ) | |
| ) | |
| CDW CORPORATION, ) | |
| ) | |
| Counterclaimant and ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| A.B. DISTRIBUTING, INC. D&H ) | |
| DISTRIBUTING COMPANY, EIZO ) | |
| NANO TECHNOLOGIES INC., INGRAM ) | |
| MICRO INC., INTERNATIONAL ) | |
| AUDIO VISUAL INC., SYNNEX ) | |
| CORPORATION, TECH DATA ) | |
| CORPORATION, CSAV, INC., ) | |
| GLOBAL MARKETING PARTNERS, ) | |
| INC., SEA LAND, INC., PEERLESS ) | |
| INDUSTRIES, INC., DOUBLESIGHT ) | |
| DISPLAYS, LLC AND BRETFORD ) | |
| MANUFACTURING, INC. ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ | |

**DEFENDANTS ERGOTRON, DELL INC. AND DELL MARKETING, L.P.'S
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL INTERVIEW NOTES OF
MIREK WARAKSA**

## I. Introduction

Plaintiffs' Motion to compel litigation counsel's personal interview notes attempts to impermissibly extend the application of Federal Rule of Civil Procedure 26(b)(3) to cover the very thought processes and mental impressions of Defendants' attorneys. Defendants' counsel's interview notes reflect the opinions and judgment of defense counsel and represent "core" or opinion work-product. As such, they are afforded nearly absolute privilege. Plaintiffs are not entitled to this production.

## II. Argument

### A. Attorney Interview Notes Constitute Opinion Work-Product

The work-product doctrine was first articulated by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947), and was codified in 1970 as Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 514 (5th Cir. 1993). The work-product doctrine protects two categories of materials: ordinary work-product and opinion work-product. *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, No. 6:06 CV 222, 2007 WL 1217897, *2 (E.D.Tex. Apr. 24, 2007).

Work-product protection covers "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3)(A). Ordinary work-product includes such items as photographs and raw information. *Gundacker v. Unisys Corp.*, 151 F.3d 842 (8th Cir. 1998). Disclosure of "ordinary work-product" may be permitted if the challenging party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. FED.R.CIV.P. 26(b)(3)(ii); *In re Stone Energy Corp.*, 2008 WL 3836657, *3 (W.D.La. Aug. 14, 2008). In contrast, opinion work-product comprises "the mental

impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *In re Stone Energy,* 2008 WL 3836657, at *3. It is afforded a high degree of protection and virtually no showing will justify discovery of such material. *Id.*

Even before the work-product doctrine was codified in Rule 26(b)(3), the Supreme Court found attorney interview notes to be opinion work-product, justifying an extremely high degree of protection. In *Hickman v. Taylor*, the court found,

> But as to oral statements made by witnesses to Fortenbaugh [defense counsel], whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production. Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.

329 U.S. at 512-513.

More recently, courts have continued to find attorney notes to fall under opinion work-product. "Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work-product ***entitled to almost absolute immunity***." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (emphasis added). Such notes reveal an attorney's legal conclusions because an attorney often focuses on those facts that she [he] deems legally significant. *Id.* In this way, attorney notes are akin to an attorney's determination as to which documents, ideas, facts, etc., are important to a case. *Id.* The Fifth Circuit has likewise found notes and memoranda created by an attorney relating to witness interviews to be insulated from an opposing counsel's inquiries. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991).

The attorney notes that Plaintiffs' current motion seeks to compel unquestionably constitute opinion work-product. Though Plaintiffs begrudgingly recognize that these attorney notes are privileged, they mistakenly express their motion in terms of ordinary work-product, rather than opinion work-product. This mistaken identification of the type of privilege embodied in the interview notes is apparent in the Plaintiffs' discussion of the application of Rule 26(b)(3). Plaintiffs contend, "These notes reveal factual information about Mr. Waraksa's recollections and memory. They do not and cannot reveal any privileged information, since the conversation between the Defendants and this third party witness are [sic] not privileged." *See* Plaintiffs' Motion, p. 7. Plaintiffs' argument misses the point. The issue is not whether the information or notes are privileged – in the sense of being stated in the furtherance of seeking legal advice – it is the fact that the information and notes reflect the mental impressions of the lawyers. As shown above, attorney notes of a witness interview are privileged and protected *not* because of the parties communicating, but rather because they contain the legal conclusions and thought processes of the attorney drafting them. *See In re Stone Energy,* 2008 WL 3836657, at *3. Accordingly, Plaintiffs' motion is unfounded, for it focuses solely on the requirements for ordinary work-product.

> B.     **Narrow Exceptions to Opinion Work-Product Privilege Are Not Met**

Opinion work-product, particularly that involving an attorney's mental processes in evaluating communications, is universally protected. Even an alleged showing of substantial need and inability to obtain the equivalent without undue hardship will not justify their disclosure. *Upjohn Co. v. U.S.*, 449 U.S. 383, 401 (1981).

This higher protection is recognized by this Court as well. *See Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 441 (E.D.Tex. 2003), vacated in part on other grounds, 2003 WL

21911333(5th Cir. 2003) ("A court cannot order production of opinion work-product absent a showing of even higher necessity, which is a rare situation *if it exists at all.*") (emphasis added). In *Robinson*, plaintiffs sought, among other items, documents relating to communications between the defendants' attorney and members of defendants' organization. *Id*. at 451-455. Judge Schell first determined that the attorney-client and joint defense privileges asserted did not apply to these documents. *Id*. at 451-454. Judge Schell then analyzed the work-product privilege and found that the documents were created in anticipation of a similar litigation and reflected the mental impressions of the defendants' attorney. *Id*. at 454-455. Judge Schell further found these documents to constitute opinion work product, requiring plaintiffs show not only substantial need and undue hardship, but a more compelling reason why the court should require production. *Id*. "Because these documents constitute opinion work-product, Defendants are not required to produce these documents to Plaintiffs unless Plaintiffs show not only substantial need and undue hardship, but a more compelling reason why the court should require production." *Id*. at 455.

Plaintiffs' Motion here advances three reasons why they believe they are entitled to the production of these notes: (1) their use for impeachment purposes, (2) the witnesses' failure to remember his testimony, and (3) protection of the Plaintiffs' own privilege. However, Plaintiffs' discussion of these three reasons centers on merely a "substantial need" for the notes, which they fail to establish. Mr. Waraksa will not be attending the trial; he will only be appearing via his deposition testimony. Accordingly, Plaintiffs already possess the entirety of Mr. Waraksa's testimony which will be offered at trial. Plaintiffs gain nothing by engaging the Court in this aside. The deposition testimony reflects Plaintiffs' challenges to Mr. Waraksa's character and memory. Plaintiffs' exceptions fail to establish any need for the production of Defendants'

5

work-product, much less a "substantial need."  Moreover, as indicated above, while "substantial need" provides an exception to ordinary work-product, such a showing still *does not* justify the production of the mental impressions of an attorney.  *Upjohn*, 449 U.S. at 401.

The cases cited by Plaintiffs do not provide for the production of opinion work-product. In *In Re International Systems and Control Corporation Securities Litigation*, 693 F.2d 1235 (5th Cir. 1982), the Fifth Circuit specifically noted that the materials sought were *not* opinion work-product.  693 F.2d at 1240 ("We first note that these materials are not the 'mental impressions, conclusions, opinions or legal theories of an attorney.'").  Similarly, in *F.E.C. v. Christian Coalition*, 178 F.R.D. 61 (E.D.Va. 1998), *aff'd in part, modified in part* 178 F.R.D. 456 (E.D.Va. Apr. 10, 1998), the Court found that it could not compel the production of any document it classified as opinion work-product.  178 F.R.D. at 76 ("The Court cannot compel C & L [defendant's attorneys] to turn over any documents that this Court classifies as opinion work product.").

Only two of the cases raised by Plaintiffs actually involve the issue of attorney notes. Both cases are easily distinguishable from the matter at hand.  Plaintiffs first rely on *Xerox Corporation v. International Business Machines Corporation*, a Southern District of New York case that ordered the production of in-house counsel notes of meetings with employees of the company regarding alleged misappropriation of Xerox trade secrets.  79 F.R.D. 7 (S.D.N.Y. 1977).  The Court reasoned that because *all* thirty-seven witnesses could not remember underlying facts of the case – whether and when the employee's had access to Xerox documents and the use of those documents – the other side was entitled to the notes of the meeting because of the factual information revealed*. Id*. at 9-10*.*  Importantly, however, in order to preserve counsel's opinion work-product, the Court required an in-camera inspection of the notes to

determine if any portion of the notes should be excised to protect the attorney's mental impressions. *Id.* at 9; *see also Xerox Corp. v. Int'l Bus. Mach. Corp.*, 64 F.R.D. 367, 382 (S.D.N.Y. 1974).

Plaintiffs reliance on *Xerox* is misplaced because the Court based its holding on a showing of "substantial need and undue hardship" for discovery of the underlying facts of the case. *Xerox*, 79 F.R.D. at 9-10. Such a showing is no longer sufficient in light of the Supreme Court's decision in *Upjohn v. United States*, 449 U.S. 383 (1981). There, the Supreme Court recognized that interview notes and memoranda of interviews reveal the attorney's mental processes in evaluating communications. *Id.* at 401. Such work-product *cannot* be disclosed simply on a showing of substantial need and undue hardship in obtaining equivalent information. *Id.*

The Fifth Circuit has followed *Upjohn* and provided the proper, authoritative analysis of this issue in *In re International Systems Corporation Securities Litigation*. 693 F.2d at 1240. In this case, the Securities and Exchange Commission sought production of interview notes prepared by the defendant's accountants in preparation for this litigation. *Id*. at 1237-1238. The Court recognized that because the accountants were representatives of the defendants and the interviews were conducted in preparation of this litigation the notes fell within the protection of the work-product privilege. *Id*. at 1238. The Court then recognized that the notes could not be opinion work-product, as they were not prepared by an attorney and did not contain the mental impressions, conclusions, opinions or legal theories of an attorney. *Id.* at 1240. The Court then moved on to discuss the notes as ordinary work-product. *Id*. at 1240-1241. It is only in this context – where the notes were not taken by an attorney – that the Court discussed substantial need and undue burden. *Id*.

In the present matter, however, the interview notes are clearly opinion work-product as they were prepared and taken by Defendants' counsel in preparation for this litigation. This opinion work-product cannot be compelled by a showing of substantial need and undue hardship. *Upjohn*, 449 U.S. at 401. Accordingly, Plaintiffs' use of *Xerox* in an attempt to establish mere substantial need is inappropriate and insufficient to meet the higher necessity required for the production of the requested information.

Plaintiffs' reliance on *CPR Associates v. Southeastern Pennsylvania Chapter of the American Heart Association,* No. 90-3758, 1990 WL 200267 (E.D.Pa. Dec. 3, 1990), is similarly misguided. In *CPR*, plaintiffs sought production of three categories of notes from defendants' attorneys: (1) notes of a conversation with a juror in a courthouse elevator, (2) notes on a former attorney for defendants' behavior, and (3) pre-trial observation and inspection notes. *Id*. at *3. The Court ordered production of the notes of a possible conversation with a juror because of the sanctity of the jury process. *Id*. As mere allegations of jury tampering cast doubt on the sanctity of the jury process, the Court found production necessary for the interests of justice. *Id*. The Court also ordered production of notes on the former attorney for the defendants' behavior because defendants themselves had challenged their former counsel's behavior. *Id*. The Court reasoned that since counsel's impressions would form the basis of their argument on the subject, defendants could not expect those impressions to remain hidden. *Id*.

Yet, the court *protected* defendants' attorneys' notes of a pre-trial observation of the plaintiffs and notes of a pre-trial inspection of the plaintiffs' offices because they constituted the "attorney's own work-product," and were thereby shielded from discovery. *Id*. The interview notes in the instant litigation are very similar to these latter notes in *CPR Associates*. The notes sought by Plaintiffs represent the Defendants' counsel's own impressions of Mr. Waraksa and

8

Defendants' counsel's thought processes in preparing for this litigation and Mr. Waraksa's upcoming deposition. Therefore, the interview notes sought by Plaintiffs in this litigation should be afforded the same protection as those of *CPR Associates* and therefore, should be shielded from discovery.

### C. Crime-Fraud Exception Does Not Apply

Plaintiffs allege that the crime-fraud exception should waive any privilege. The crime fraud exception has been recognized as a valid exception to both work-product privileges. *In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994); *see also In re International Systems*, 693 F.2d at 1242. However, Plaintiffs have wholly failed to make the required *prima facie* showing under the crime fraud exception. Mere allegations of fraud are not sufficient. *In re International Systems,* 693 F.2d at 1242. Presently, Plaintiffs have stated mere allegations of fraud on the part of Defendants, based on mischaracterizations of Defendants' conduct that occurred *after* the interview in question. Plaintiffs point to Mr. Waraksa's deposition as one later instance where they allege Defendants' counsel "willfully" violated Plaintiffs' privilege. In fact, after Mr. Waraksa *volunteered* the allegedly privileged information and Plaintiffs' counsel objected and instructed the witness not to violate privilege, Defendants' counsel reworded its questioning as to respect the Plaintiffs' privilege. Waraksa Dep. at 50:3-54:19. Plaintiffs' counsel themselves later had difficulty questioning Mr. Waraksa without nearing the privileged topic. Waraksa Dep. at 136:7-137:23. To categorize the questioning at the deposition as a willful violation of Plaintiffs' privilege is spurious at best. Furthermore, Plaintiffs cannot tie the interview notes sought to either of their two baseless accusations. Specifically, Plaintiffs' Motion asserts that "it is not a leap to think" Defendants' notes will contain some violation of

9

Plaintiffs' privilege. However, such statements plainly reveal that Plaintiffs are merely fishing for evidence to manufacture the crime-fraud exception they imagine has happened.

### D.  Plaintiffs Would Not Be Entitled To Direct Production

In any event, were some exception to apply requiring the production of Defendants' opinion work-product, Plaintiffs would not be entitled to the direct production they have requested. An in-camera inspection of the requested documents is preferred, ensuring the informed protection of the privileged thought processes of an attorney. *Sealed Appellees v. Sealed Appellants*, 112 F.3d 173 (5th Cir. 1997) (*per curiam*).

### III.  Conclusion

Plaintiffs have not met their burden to establish the high requirements for the production of Defendants' opinion work-product. The interview notes of Mr. Waraksa prepared and taken by counsel for Defendants Ergotron and Dell constitute opinion work-product because they contain the mental impressions and thought processes of the attorneys drafting them. As such, these interview notes are entitled to an almost absolute immunity from compelled production. Plaintiffs have shown no justification for this production, failing to meet the higher burden required for opinion work-product. Plaintiffs' alleged "substantial need" exceptions apply only to ordinary work-product. Such allegations cannot be used to require production of opinion work-product. Furthermore, Plaintiffs fail to establish more than mere allegations that the crime-fraud exception should apply. Accordingly, Plaintiffs' motion does not provide for the production Plaintiffs seek and should therefore be denied. In the event the Court orders production of Defendants' counsel's opinion work-product, the Court should receive Defendants' counsel's notes for an in camera inspection and redaction as appropriate. Furthermore, should the Court feel a review of the requested Defendants' counsel's notes will

aid the Court's decision making, Defendants Ergotron and Dell have no objection to an in-camera inspection.

For the foregoing reasons, this Court should deny the Plaintiffs' motion and deny the production of Defendants Ergotron and Dell's opinion work-product.

Dated: October 20, 2008

Respectfully submitted,

| | |
|---|---|
| M. Craig Tyler (Lead Attorney)<br>Texas State Bar No. 00794762<br>ctyler@wsgr.com<br>Scott T. Morris<br>Texas State Bar No. 24004829<br>smorris@wsgr.com<br>Brian A. Dietzel<br>Texas State Bar No. 24040804<br>bdietzel@wsgr.com<br>Jeff M. Whiting<br>Texas State Bar No. 24051517<br>jwhiting@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI,<br>Professional Corporation<br>900 South Capital of Texas Highway<br>Las Cimas IV, Fifth Floor<br>Austin, TX 78746-5546<br>Telephone: (512) 338-5400<br>Facsimile: (512) 338-5499<br><br>Natalie J. Morgan (pro hac vice)<br>nmorgan@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI,<br>Professional Corporation<br>12235 El Camino Real, Suite 200<br>San Diego, CA 92130<br>Telephone: (858) 350-2300<br>Facsimile: (858) 350-2399<br><br>Attorneys for Defendants and<br>Counterclaimants Dell, Inc. and Dell<br>Marketing, L.P. | /s/ Eric H. Findlay<br>Eric H. Findlay<br>Texas State Bar No. 00789886<br>Brian Craft<br>Texas State Bar No. 04972020<br>Ramey & Flock, P.C.<br>100 East Ferguson, Suite 500<br>Tyler, TX 75702<br>Telephone: (903) 597-3301<br>Facsimile: (903) 597-2413<br>efindlay@rameyflock.com<br>brianc@rameyflock.com<br><br>Lora Mitchell Friedemann<br>lfriedemann@fredlaw.com<br>Kurt J. Niederluecke<br>kniederluecke@fredlaw.com<br>FREDRIKSON & BYRON, P.A.<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402<br>Telephone: (612) 492-7000<br>Facsimile: (612) 492-7077<br><br>Attorneys for Defendants Ergotron, Inc., |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the **DEFENDANTS ERGOTRON, DELL INC. AND DELL MARKETING, L.P.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL INTERVIEW NOTES OF MIREK WARAKSA** was served on counsel for plaintiffs Mass Engineered Design, Inc. and Jerry Moscovitch via electronic mail, and all other counsel of record via electronic mail on October 20, 2008.

/s/ Eric H. Findlay
ERIC H. FINDLAY