**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, </br></br>Plaintiffs, Counter-defendants, Cross-claimants, </br></br>v. </br></br>ERGOTRON, DELL, CDW CORPORATION, TECH DATA CORPORATION, CSAV, INC., BRETFORD MANUFACTURING, INC. </br></br>Defendants, Counterclaimants, </br></br>CDW CORPORATION, </br></br>Counterclaimant and Third-Party Plaintiff, </br></br>and </br></br>A.B. DISTRIBUTING, INC. D&H DISTRIBUTING COMPANY, EIZO NANO TECHNOLOGIES INC., INGRAM MICRO INC., INTERNATIONAL AUDIO VISUAL INC., SYNNEX CORPORATION, TECH DATA CORPORATION, CSAV, INC., GLOBAL MARKETING PARTNERS, INC., SEA LAND, INC., PEERLESS INDUSTRIES, INC., DOUBLESIGHT DISPLAYS, LLC AND BRETFORD MANUFACTURING, INC. </br></br>Third-Party Defendants. | CASE NO: 2-06CV-272 (LED) </br></br>JURY TRIAL DEMANDED |

**ERGOTRON, CDW, AND TECH DATA'S MOTIONS *IN LIMINE***

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Ergotron, Tech Data, and CDW ("Defendants") to file their Motions *in Limine*. Defendants respectfully request this Court to instruct Plaintiffs and Plaintiffs' counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct Plaintiff and all counsel to warn and caution each witness to follow the same instructions:

## I. Settlement Agreements

This Court should prohibit any mention, testimony or reference to any settlement agreements between any Plaintiff and any former defendant or between any Plaintiff and any third party defendant. Federal Rule of Evidence 408 prohibits parties from offering compromises or offers to compromise as evidence used to prove liability. Rule 408 applies not just to the two litigants themselves, but bars evidence of settlements between plaintiffs and third party co-defendants or former co-defendants. *McHann v. Firestone Tire and Rubber Co.*, 713 F.2d 161 (5th Cir. 1983); *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230 (7th Cir. 1983); 29 Am. Jur. 2d Evidence § 525. Accordingly, this Court should exclude evidence of any settlement agreements between any Plaintiff and any former co-defendants or between any Plaintiff and any third party defendant because they are not admissible and would serve no other purpose than to unfairly prejudice defendants. FED R. EVID. 403.

GRANTED:_____ DENIED:_____ AGREED:_____

## II. Videotaped Recording of Mirek Waraksa's Deposition

This Court should exclude the videotaped recording of Mirek Waraksa's deposition (the "Recording"). Federal Rule of Civil Procedure 30(b)(5)(B) states that "[T]he deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques." If the recording "sought to be offered at trial suffers from such distortion – whether intentional *or as a result of a mechanical malfunction* – then that would seem to justify the [exclusive] use of the traditional stenographic transcript." 8A WRIGHT, MILLER & MARCUS, Federal Practice and Procedure, § 2152.1, p. 201 (emphasis added). In our case, the Recording runs afoul of Rule 30(b)(5)(B) because its quality is very poor and the appearance of the deponent and attorneys is distorted.

Under Federal Rule of Civil Procedure 30(b)(3)(B), only "[*W]ith prior notice* to the deponent and other parties" may parties designate another method for recording deposition testimony in addition to that specified in the original notice. (Emphasis added). The Recording does not comport with Rule 30(b)(3)(B) because Plaintiffs failed to notify Defendants that they would use their own means to record the deposition.

Federal Rule of Evidence 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. In our case, the videotaped deposition has little probative value because the quality of the videotape is very poor, and Defendants would be unfairly prejudiced if Plaintiffs are permitted to present different portions of the same deposition in a different manner than Defendants.[1] WRIGHT, MILLER & MARCUS, at § 2152.1, p. 202 (stating that it is a "troubling prospect that different portions of the same deposition would be presented in different ways.").

---

[1] Plaintiffs only videotaped their cross-examination of Waraksa (i.e., a videotaped recording of Defendant's direct examination does not exist).

For these reasons, this Court should exclude the Recording.

GRANTED:_____    DENIED:_____    AGREED:_____

### III. Indemnity Agreements

This Court should prohibit any mention, testimony or reference to indemnity agreements (the "Agreements") between Ergotron and co-defendants CDW and Tech Data or between CDW and any third party defendant because they are not relevant and will create a danger of unfair prejudice. When the jury is charged with determining liability and/or damages, indemnification agreements are not admissible under Rule 403 because they are not relevant to the merits of the case and serve no other purpose than confusing the jury and thereby prejudicing the non-moving party. *DSC Communications Corp. v. Next Level Communications Corp.,* 929 F. Supp. 239, 243 (E.D. Tex. 1996); *Larez v. Holcomb*, 16 F.3d 1513, 1521 (8th Cir. 1994); *Chambers v. Penrod Drilling Co.,* 1990 WL 66372 (E.D. La. 1990). As the *Chambers* court stated:[2]

> (The indemnity agreements) are irrelevant to the jury's task. Introduction of this evidence would only confuse the jury's understanding of the alignment and action of the parties. It would invite a highly prejudicial, unwarranted, and factually insupportable inference that (the co-defendants) entered these agreements to avoid responsibility…

*Chambers*, 1990 WL at *1. The *Larez* court excluded an indemnification agreement on similar grounds, and this Court agreed with the jurisprudence set forth by the Ninth Circuit:

> To the extent that the Ninth Circuit excluded the indemnification evidence on general relevance and prejudice grounds, *i.e.* Rule 403, this Court agrees with the holding.

*DSC Communications*, 929 F. Supp. at 243 n. 3.

This Court determined that the fact pattern in *DSC Communications* created an exception to this rule because the indemnity agreement was germane to determining damages in that

---
[2] Similar to the facts in our case, the indemnity agreements in *Chambers* were between co-defendants.

4

particular situation.  After the plaintiffs filed claims in *DSC Communications*, a third party purchased the defendant corporation, Next Level Communications, and as part of the acquisition the purchaser agreed to indemnify Next Level's sellers in the pending suit.  Because Next Level had yet to produce a product for sale to consumers, this Court determined that its purchase price was "the least speculative method" of calculating damages. *Id.* at 246.  Because the indemnification agreement was a component of Next Level's purchase price, this Court determined that it was relevant.

The unique fact-pattern in *DSC Communications* is not present in our case.  Neither Ergotron nor CDW purchased a co-defendant or third party defendant, the Agreements are not otherwise linked to sales of allegedly infringing products, and every entity who is a party to the Agreements produces products for sale to consumers.  Consequently, the Agreements are irrelevant to Plaintiffs' damages analysis and any other issue related to the merits of this case.  Accordingly, this Court should apply the rule it endorsed in *DSC Communications* and exclude the Agreements under Rule 403 because they are not relevant and will create a danger of unfair prejudice.

GRANTED:_____          DENIED:_____          AGREED:_____

**IV. Reprimands for Non-Compliance With Licensing Formalities**

This Court should prohibit any mention, testimony or reference to any instance in which Waraksa was reprimanded for non-compliance with licensing formalities.  Under Federal Rule of Evidence 608, counsel may not use extrinsic evidence to prove specific instances of a witness' conduct to attack the witness' credibility (unless the evidence is used to prove a conviction of a

crime as provided by Rule 609). Plaintiffs' counsel's attacks on Waraksa's credibility by referring to one reprimand by The Law Society of Upper Canada and one reprimand by the United States Patent and Trademark office for non-compliance with licensing formalities fly in the face of Rule 608. *E.g.,* Deposition of Mirek Waraksa, pp. 119-121, 125-131; Plaintiff's Exhibit No. 401.

These reprimands do not tend to show that Waraksa lacks sufficient competency or personal knowledge to testify as a witness because they were issued after the period giving rise to the present litigation. Consequently, any mention of these reprimands is not relevant and would serve no other purpose than to inflame and mislead the jury and confuse the issues. FED R. EVID. 402, 403.

GRANTED:_____        DENIED:_____        AGREED:_____

**V. Opinions of Walter Bratic Concerning Purchasing Decisions of Consumers and Companies**

This Court should prohibit any mention, testimony or reference to opinions of plaintiffs' expert witness Walter Bratic concerning the purchasing decisions of consumers and companies that are based on his personal experience. Pursuant to Federal Rule of Evidence 702, expert witnesses may only offer opinion testimony on matters in which their knowledge, skill, experience, training or education qualify them as experts. Additionally, admissible expert testimony must be supported by sufficient facts and reliable methodology. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993); *Hathaway v. Bazany,* 507 F.3d 312, 317 (5th Cir. (Tex.) 2007). "[W]ithout more than credentials and a subjective opinion, an expert's

testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 424 (5th Cir.1987).

In Bratic's deposition testimony he admits that his opinions concerning the purchasing decisions of consumers and companies are based on his personal experience. Deposition of Walter Bratic, pp. 251-253. This testimony is inadmissible under Rule 702 because Plaintiffs have failed to identify any aspects of Bratic's knowledge, skill, education, training or experience that qualify him to offer an admissible opinion on the purchasing decisions of consumers and customers. This testimony is also inadmissible under *Daubert* because his opinions are not supported by sufficient facts or reliable methodology, merely his personal opinions on matters which he is unqualified to offer admissible testimony about.

Bratic also admits that he relies on these inadmissible opinions in his damages analysis. *Id.* Therefore, the portions of his damages analysis that rely on these opinions do not comport with *Daubert* because they are not supported by facts or reliable methodology.

GRANTED:_____ DENIED:_____ AGREED:_____

**VI. Testimony, Evidence or Argument Inconsistent With the Court's Claim Construction Order**

This Court should exclude any testimony, evidence or argument that is inconsistent with the Court's claim construction. On March 3, 2008 and August 7, 2008, the Court issued its Claim Construction Opinions. That decision is a matter of law and must guide the jury's decisions in determining infringement and invalidity. *See Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 970-71 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). Any attempt by counsel

to encourage the jury to depart from the Court's claim construction would not only flout an order of the Court but also threaten to mislead the jury into applying the wrong law.

GRANTED:_____   DENIED:_____   AGREED:_____

### VII. Financial State of Defendants

This Court should exclude any testimony, evidence or reference to the financial state of Defendants. References to Defendants' finances are not relevant to the merits of this case and would serve no other purpose than to inflame and mislead the jury and confuse the issues. FED R. EVID. 402, 403.

GRANTED:_____   DENIED:_____   AGREED:_____

### VIII. Plaintiffs' Lost Profit Damages Prior to December 1, 2003

This Court should exclude any testimony, evidence or reference concerning lost profit damages Plaintiffs' claim they suffered as a result of Defendants' allegedly infringing activities related to the '978 Patent. As set forth in Defendants' motion for partial summary judgment, Mass cannot sue for lost profit damages prior to December 1, 2003 because it does not have standing, and Moscovitch cannot sue for lost profit damages because he cannot prove that he had the capability to market and sell the '978 Patent.

GRANTED:_____   DENIED:_____   AGREED:_____

### IX. Medication Prescribed To Waraksa

This Court should exclude any mention, testimony, or evidence of medication prescribed to Waraksa. During Waraksa's deposition, Plaintiff's counsel proposes that Waraksa's medication had certain side effects that may pertain to the merits of this case. Waraksa Depo., pp. 176-177. These propositions are based on a printout from www.drugs.com, which is the quintessence of inadmissible hearsay because it is an out of court statement used for the sole purpose of proving the truth of the matter asserted. Waraksa Depo. Exhibit No. 28; FED R. EVID. 801. Accordingly, this court should exclude evidence of the medication because its foundation for relevancy is improperly based on inadmissible hearsay, and it would serve no other purpose than to inflame and mislead the jury and confuse the issues. FED R. EVID. 402, 403.

GRANTED:_____        DENIED:_____        AGREED:_____

### X.   Evidence of CDW and Tech Data Sales Prior to July 7, 2006.

CDW and Tech Data do not sell monitors attached to stands. Therefore, CDW and Tech Data do not directly infringe the '978 patent because the products sold by CDW and Tech Data do not meet all the limitations of claims at issue. *See Upjohn Co. v. Mova Pharmaceutical Corp.*, 225 F.3d 1306, 1308-09 (Fed. Cir. 2000). To be liable for indirect infringement, the alleged infringer must have knowledge of the patent-in-suit. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). It is undisputed that CDW and Tech Data did not have knowledge of the '978 patent prior to this lawsuit. *See* Docket No. 475 at p. 9. Accordingly, CDW and Tech Data cannot be found liable for indirect infringement prior to July 7, 2006 and any evidence of their sales prior to that time should be excluded.

9

GRANTED:_____ DENIED:_____ AGREED:_____

**XI.   Evidence of Post-Litigation Willful Infringement by Ergotron, CDW or Tech Data.**

A party that does not move for a preliminary injunction cannot seek enhanced damages for post-litigation willful infringement. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007)(en banc) (availability of preliminary injunction provides adequate remedy for post-filing willful infringement); *GSI Group, Inc. v. Sukup Mfg. Co.*, 2008 WL 4545347 at *3 (C.D. Ill. 2008) ("The remedy of enhanced damages is generally available only for conduct that occurred before the filing of the suit because a patent holder can secure a preliminary injunction to stop post-filing infringement.); *Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc.*, 553 F.Supp.2d 939, 953 (N.D. Ill. 2008) ("The Federal Circuit stated that when a patent holder makes no attempt to stop infringement after litigation has commenced, despite a legal mechanism for doing so, willful infringement should not be found on the basis of such post-filing conduct." (citing *Seagate* at 1374.). Plaintiffs failed to move for a preliminary injunction in this case, and thus cannot obtain a willfulness finding or recover enhanced damages based on the defendants' post-litigation conduct. It is undisputed that neither Tech Data nor CDW had knowledge of the '978 patent prior to July 7, 2006 lawsuit—thus all evidence tending to show or referring to willful infringement by Tech Data or CDW should be excluded. Similarly, all evidence of willfulness by the remaining Defendants, including Ergotron, relating to post-litigation sales, should be excluded.

GRANTED:_____ DENIED:_____ AGREED:_____

## XII. Evidence of Defendants' Sales of DS100 Stands.

Mass has asserted against Defendants in this case the '978 patent, which is a reissued patent from the original U.S. Patent No. 5.687,939 (the '939 patent). The '978 patent issued on December 5, 2000. It is undisputed that (1) Ergotron was selling the DS100 stands as early as 1999, and (2) those stands did not infringe any of the original claims of the '939 patent. The reissue patent cannot take away or affect the right of Defendants who, prior to the grant of the reissue patent, imported, made, used, purchased or offered for sale anything patented by the reissue patent. 35 U.S.C. § 252. Under equitable intervening rights of Section 252, this Court has the discretion to grant Ergotron and its resellers the right to continue the manufacture, use, offer for sale, and sale of additional DS100 products under such terms as the Court deems equitable. *BIC Leisure Products, Inc. v. Windsurfing Intern., Inc.*, 1 F.3d 1214, 1221 (Fed. Cir. 1993). As an equitable determination, Ergotron's DS100 sales should be presented to the Court, not the jury.

GRANTED:_____      DENIED:_____      AGREED:_____

## XIII. Untimely, Undisclosed or Excluded Expert Report.

Burden of proof expert reports were due July 2, 2008. On that date, the parties exchanged technical and damages expert reports. Subsequent to July 2, 2008, Plaintiffs submitted amended expert reports attempting to amend or supplement their experts' opinions relating to evidence available before the exchange of initial reports. Specifically, Plaintiffs submitted reports by Walter Bratic on July 3, 2008 and August 8, 2008 that amended or added opinions based on evidence available before July 2, 2008. Similarly, Plaintiffs' submitted an

additional portion of the report by Dr. John E. Akin relating to combinations of prior art on August 27, 2008. These reports and report sections are untimely, and their respective authors should be excluded form relying on or testifying about the additional opinions and bases that were not present in their timely-exchanged reports.

GRANTED:_____    DENIED:_____    AGREED:_____

### XIV. Plaintiffs' Patents Unrelated to Display Arms, Stands or Systems

The '978 patent relates to a dual monitor display system. Moscovitch's patents, to the extent they are not related to either display arms, stands, or systems, are not relevant to any issue in the case and will cause undue confusion, and prejudice defendants, and thus should be excluded. FED R. EVID. 402, 403.

GRANTED:_____    DENIED:_____    AGREED:_____

### PRAYER

WHEREFORE, Defendants respectfully request this Court to grant its Motions *in Limine*, to instruct Plaintiffs and Plaintiffs' counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed above without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct Plaintiffs and all counsel to warn and caution each witness to follow the same instructions.

Dated:  October 20, 2008                                   Respectfully submitted,


                                                           By:  /s/ Kurt J. Niederluecke
Eric H. Findlay
State Bar No. 00789886
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Telephone: 903/597-3301
Facsimimle: 903/597-2413
E-mail: efindlay@rameyflock.com

Lora Mitchell Friedemann
Kurt J. Niederluecke (lead counsel)
Matthew J.S. Graham
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Ste 4000
Minneapolis, MN 55402-1425
612.492.7000 (telephone)
612.492.7077 (facsimile)

**ATTORNEYS FOR DEFENDANTS ERGOTRON, CDW CORPORATION, TECH DATA**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 20th day of October, 2008.

      /s/ Kurt J. Niederluecke
      Kurt J. Niederluecke

4447003_1.DOC