IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC.<br>And JERRY MOSCOVITCH | § § § | |
| Plaintiffs,<br>Counter-defendants,<br>Cross-claimants | § § § § | JUDGE:  LED<br><br>Civil Action No. 02-06CV-272 |
| vs. | § § | JURY TRIAL DEMANDED |
| ERGOTRON, INC., DELL INC., DELL<br>MARKETING L.P., and TECH DATA<br>CORPORATION | § § § § | |
| Defendants,<br>Counterclaimants, | § § § | |
| and | § § | |
| CDW CORPORATION, | § § | |
| Counterclaimant and<br>Third-Party Plaintiff | § § § | |
| and | § § | |
| A.B. DISTRIBUTING, INC., D&H<br>DISTRIBUTING COMPANY, EIZO NANO<br>TECHNOLOGIES INC., INGRAM MICRO<br>INC., INTERNATIONAL AUDIO VISUAL<br>INC., SYNNEX CORPORATION, TECH<br>DATA CORPORATION, CSAV, INC.,<br>GLOBAL MARKETING PARTNERS, INC.,<br>SEA LAND, INC., PEERLESS INDUSTRIES,<br>INC., DOUBLESIGHT DISPLAYS, LLC, AND<br>BRETFORD MANUFACTURING, INC. | § § § § § § § § § § § | |
| Third-Party Defendants, | § § § | |

**PLAINTIFFS' NOTICE OF <u>REVISED</u> MOTIONS *IN LIMINE***

**Counsel for all parties proceeding to jury trial before this Court met and conferred today, October 22, 2008, to discuss *inter alia* the parties' motions *in limine* in anticipation of the pretrial conference scheduled for tomorrow, October 23, 2008. As a result of that conference, most of Plaintiffs' motions *in limine* are either AGREED or WITHDRAWN. In**

this revised filing, there are only ten (10) remaining disputed motions *in limine* from Plaintiffs. For all parties' and the Court's ease of reference, this filing updates Plaintiffs' motions *in limine* filing, to reflect each motion's status as either agreed, disputed, or withdrawn. The only remaining disputed motions *in limine* are 30, 31, 32, 33, 35, 37, 39, 43, 51 and 58.

Except as reproduced herein, Plaintiffs incorporate by reference the content of their initial motions *in limine* filing. *See* Docket No. 582.

* * * * *

1.     **Reference to Motions *In Limine*:** Any reference or testimony to the fact that any party filed motions *in limine*, in particular or in general, or that the Court granted or denied any such relief. FRE 401-403.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


2.     **Reference to Motions or Prior Rulings By This Court:** Unless specifically authorized, any reference to any motion or brief filed by any party with this Court in this case, or ruling by this Court on any such motion, including but not limited to any discovery motion, sanctions motion, or dispositive motion. FRE 401-403.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


3.     **Requests for Stipulation and Documents:** Unless specifically authorized, any requests by counsel for any party for any stipulations from counsel for any other party, or any request that

any party's counsel produce any documents from their files. Making such requests in the presence of the jury or jury panel is improper. FRE 401-403.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


4.      WITHDRAWN.


5.      **Reference to Claims of Privilege:** Any reference or testimony to the fact that any party has made claims of privilege regarding documents and/or testimony, in particular or in general. Any such reference or evidence would be irrelevant, FRE 402, and/or more prejudicial than probative, FRE 403. *See also* FRE 501, 502.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


6.      **Reference to Privileged Subject Matter:** Any reference or testimony regarding subject matter that is privileged and has not been waived. In particular, no counsel for any party may ask questions that will or would reasonably be known to elicit testimony on privileged subject matter. Any such reference or evidence would be irrelevant, FRE 402, and/or more prejudicial than probative, FRE 403. *See also* FRE 501, 502.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


7.      **Any Reference to Objections During the Playing of Deposition Testimony:** Both parties made objections to form to preserve their rights during deposition testimony.  When such

video or transcript is displayed to the jury, this Court should order all parties to remove all objections, comments, side bars, or responses to objections, to the extent practicable.  This Court will rule on the objections in due course, and playing them in front of the jury is irrelevant and unduly prejudicial under Rules 401, 402, and 403.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**

8.     WITHDRAWN.

9.     WITHDRAWN.

10.    **Reference to Fee Agreements:** Any reference to any party's counsel's fee agreement in this case, including the terms thereof, *e.g.*, hourly versus contingent, and including the fees that any party's counsel would earn depending upon any outcome of this case. FRE 401-403.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**

11.    **References to Law Firms or Lawyers Representing Any Party:** Any reference to or testimony about the law firms or lawyers representing any party including, without limitation, references to the size of the law firm, the geographic location of the law firm's offices, other matters handled by the law firm, other matters handled by the lawyer, other clients or types of clients represented by the law firm or lawyers, any disciplinary action or investigation into the law firm or lawyer representing any party, the wealth of any attorney or law firm, is irrelevant

and would be unduly prejudicial.  Accordingly, any such references should be excluded under Rules 401, 402, and 403.

GRANTED: _____    DENIED: _____

**(AGREED BY ALL PARTIES.)**

12.    WITHDRAWN.

13.    WITHDRAWN.

14.    **Connections to Texas:** Any reference to Plaintiff's connection to Texas, or lack thereof, including but not limited to the amount or type of business conducted in Texas or the length of time Mass has had activities existed in Texas. Such information is irrelevant to any issue in this case and is designed to cause unwarranted bias against Mass as well as mislead the jury, and is therefore inadmissible under FRE 401-403.

GRANTED: _____    DENIED: _____

**(AGREED BY ALL PARTIES.)**

15.    WITHDRAWN.

16.    **Testimony From Any Witness Not Timely Disclosed:** Any testimony at all from witnesses not timely disclosed included in any party's witness list as required by the schedule for this case. FRCP 26; Local Rule 26; Docket No. 439.

GRANTED: _____    DENIED: _____

**(AGREED BY ALL PARTIES.)**

17.     **Testimony From Any Witness Not disclosed in Defendants' Rule 26 disclosures.** No party should not be permitted to benefit from testimony from any individuals not identified as required by Fed. R. Civ. P. 26.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


18.     WITHDRAWN.


19.     WITHDRAWN.


20.     **Claims or Defenses Not Pleaded:** Any testimony, statement, opinion or argument offered solely to support an unpleaded claim or defense. *See* FRCP 8 & 15.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**


21.     WITHDRAWN.


22.     WITHDRAWN.


23.     **Reference to whether an expert has been excluded in a prior case:** Any reference to or testimony about whether any party's hired experts have had testimony challenged or excluded in any other case. Reviewing past opinion-testimony from any expert, including any

determinations made by a judge or jury on that expert's past opinions, has no bearing on the merits of this case or of any expert's opinions in this particular case. FRE 401-403; 703.

GRANTED: _____    DENIED: _____

**(AGREED BY ALL PARTIES.)**

24.      WITHDRAWN.

25.      **Statements By Counsel Regarding Their Personal Beliefs or Opinions About the Case:** The jury may not make findings by weighing the statements of counsel regarding counsel's evaluation of the case. Such statements would be improper, and more prejudicial than probative. FRE 401-403.

GRANTED: _____    DENIED: _____

**(AGREED BY ALL PARTIES.)**

26.      WITHDRAWN.

27.      **References to the E.D. Tex. as Venue:** Any reference to or evidence suggesting that the Eastern District of Texas is an improper or unusual venue in which to try this case. FRE 401-403.

GRANTED: _____    DENIED: _____

**(AGREED BY ALL PARTIES.)**

28.      **Reference to Religious Preference:** Any reference to or evidence about the religious preference of any person, including any party or witness. FRE 401, 610.

GRANTED: _____      DENIED: _____

**(AGREED BY ALL PARTIES.)**

29.     WITHDRAWN.

30.     **Criticisms of the Patent Office or Its Employees:** Any testimony, statement, opinion or argument suggesting that the PTO and its examiners lack credentials, are overworked, or are not diligent or are prone to error. Such evidence is not relevant and contravenes the statutory presumption that an issued patent is valid and enforceable. 35 U.S.C. § 282. *See also EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 U.S. Dist. LEXIS 3634 (D. Minn. March 8, 2003).

GRANTED: _____      DENIED: _____

**(DISPUTED)**

31.     **Relative Importance of Claim Elements:** Any evidence, testimony, argument, or other reference to any testimony relating to the alleged relative importance of the claim elements of any of the claims of the patent-in-suit. The Court should not allow any statements or testimony asserting that any particular claim element of any claim of the patent-in-suit such as means for adjusting is more important than any of the other claim elements. The claims define the invention as a whole. *See, e.g., Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention…."); *Radio Steel & Mfg. Co. v. MTD Products, Inc.,* 788 F.2d 1554, 1556 (Fed. Cir. 1986). Any such statements would be an incorrect assertion of law and would pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by instruction from Court. FRE 403. Accordingly, Mass requests that the

Court preclude Defendants from offering or eliciting testimony that any particular claim element of the patent-in-suit is more important than any other claim elements

GRANTED: _____        DENIED: _____

**(DISPUTED)**

32.    **Untimely or Improper Prior Art:** Any reference to or evidence regarding any prior art that was not properly disclosed in the Defendants' invalidity contentions, including but not limited to the prior art discussed by Dr. Stoll regarding a "person of ordinary skill." This includes any prior art not disclosed in accordance with 35 U.S.C. § 282, not specifically charted as required by Local P.R. 3-3, and/or not timely disclosed pursuant to the relevant deadlines for this particular case. *See also* Plaintiffs' Motion to Strike Stoll, Docket No. 405.

GRANTED: _____        DENIED: _____

**(DISPUTED)**

33.    **Reference to an Incorrect or Altered Obviousness Standard:** Any evidence, testimony, or reference suggesting that the patent-in-suit issued under the wrong obviousness standard or that the obviousness standard has changed. Defendants should not be allowed to argue that the patents-in-suit were issued under the wrong obviousness standard.  While *KSR Int'l Co. v. Teleflex Inc.,* 127 S.Ct. 1727 (2007), rejected the rigid application of the "teaching/suggestion/motivation" test, that holding is irrelevant to any issue to be decided by the jury.  Defendants should not be allowed to use this decision to improperly attack the PTO on the patent-in-suit or to argue or advise the jury that the obviousness standard has changed. The patent-in-suit is still presumed valid. 35 U.S.C. § 282; *Fromson v. Advance Offset Plate, Inc.,*

755 F.2d 1549, 1555 (Fed. Cir. 1985) (holding that the presumption of validity is "static" and can neither be strengthened nor destroyed).

It is solely within the Court's purview to instruct the jury on obviousness. It would therefore be improper for Defendants to instruct the jury otherwise. Fed. R. Civ. P. 51; see *Bales v. Uptergrove*, No. 00-7009, 2001 U.S. App. LEXIS 3101, at *5 (10th Cir. Mar. 1, 2001) ("It is the province of the district court to instruct the jury concerning the law applicable to a case, not that of the litigants' attorneys."); *Bensen v. Am. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, *38-*42 (S.D.N.Y. July 26, 1996) (excluding documents containing the legal opinions of a foreign law firm because "the proffered legal opinions will invade the province of the court to determine the applicable law and to instruct the jury as to that law."). Any contradictory argument implying that the PTO used the wrong standard in untrue, unfairly prejudicial, and misleading to the jury. Allowing the parties to attack the PTO by suggesting that it may have applied the wrong obviousness standard would be unduly prejudicial and would certainly confuse the jury. FRE 401-403.

GRANTED: _____      DENIED: _____

**(DISPUTED)**


34.     WITHDRAWN.


35.     **Reference to Alleged Misrepresentations to or withholding from the PTO:** Any reference to or evidence about alleged misleading of or lying to the PTO or intending to deceive the PTO such as by withholding information. Such evidence is relevant to inequitable conduct, only, which is an equitable issue reserved for the Court and not the jury. FRE 401-403; *see e.g.*, *z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142 (Hon. Leonard Davis), 2006 U.S. Dist.

LEXIS 58374, at *60 (E.D. Tex. Aug. 18, 2006) (hereafter, "*z4*") ("The Court reserved the issue of Colvin's inequitable conduct in obtaining the patents-in-suit for itself and heard evidence related to this issue outside the presence of the jury.").

GRANTED: _____     DENIED: _____

**(DISPUTED)**

36.     WITHDRAWN.

37.     **Infringer's patent as a defense to infringement**:   Any argument that a patent is a general defense to infringement.  Defendants should not be allowed to argue that owning their own patent precludes infringement of the '978 patent.  The grant of a patent is a right to exclude, not to right to make, use, or sell.  *Atlas Powder Co. v. E.I. du Pont De Nemours*, 750 F.2d 1569, 1580-81 (Fed.Cir.1984) ("The supposition that a right to make is created by the patent grant is obviously inconsistent with the established distinctions between generic and specific patents, and with the well-known fact that a very considerable portion of the patents granted are in a field covered by a former relatively generic or basic patent, are tributary to such earlier patent, and cannot be practiced unless by license thereunder."). Accordingly, Mass requests that the Court preclude Defendants from arguing that their own patents are a defense to infringement of the '978 patent.

GRANTED: _____     DENIED: _____

**(DISPUTED)**

38.     **Any Reference to a Claim's Definiteness:** Any reference to or evidence about whether any of the patent-in-suit is indefinite. Dell moved for summary judgment on this issue and lost.

Docket No. 156. To the extent that there are any issues still remaining, the parties have agreed expressly that such issues should be decided by the Court—not the jury.

GRANTED: _____   DENIED: _____

**(AGREED BY ALL PARTIES.)**

39.   **Any reference to or testimony from the Waraksa deposition:** Defendants violated Mass's privilege during the deposition of Mr. Waraksa, a former lawyer for Mass. Defendants' counsel even met surreptitiously with Mr. Waraksa prior to his deposition. Docket No. 528. The proper remedy for such a violation is to exclude any testimony from Mr. Waraksa, and references thereto. *See* Plaintiffs' Motion to Compel the Waraksa Interview Notes, Docket No. 466; Plaintiffs' Response to Ergotron's Motion for Summary Judgment on Invalidity and Inequitable Conduct, Docket No. 494.

GRANTED: _____   DENIED: _____

**(DISPUTED)**

40.   WITHDRAWN.

41.   WITHDRAWN.

42.   **Reference to Alter Ego or Piercing the Corporate Veil**: Any reference to or evidence about piercing the veil or alter ego regarding Mass Engineered Design, Inc., or any predecessor of the same. Defendant Dell never raised its "alter ego" theory until its Response to Mr. Moscovitch's Summary Judgment Motion of Non-Infringement during dispositive motion-practice on October 6, 2008. Docket No. 469. Dell furthermore never specifically never pleaded

12

this defense or theory.  For that reason alone, it should be stricken.  Furthermore, the issue is an equitable one and thus is reserved for the Court, not the jury.

GRANTED: _____          DENIED: _____

**(AGREED BY ALL PARTIES.)**

43.      **Reference to or Testimony by Susan Calzone, Ed Duffy, and Sean Roarty as to Alleged Invention by Bloomberg Representatives, or Misnaming of Inventors on the '978 patent, or Bloomberg's Alleged Ownership of the Patents:** For the reasons stated in Plaintiffs' Motion for Partial Summary Judgment That No Bloomberg, L.P., Employee Was a Co-Inventor, *see* Docket No. 400, a jury should not hear any evidence of any alleged invention by Bloomberg employees because Defendants have not provided sufficient collaboration as a matter of law. FRE 402 & 403.

GRANTED: _____          DENIED: _____

**(DISPUTED)**

44.      **Reference to Moscovitch infringement of the '170 patent:** Any reference to or evidence about whether Plaintiff Jerry Moscovitch personally infringes the '170 patent—which belongs to Dell Marketing, L.P. (DMLP).

GRANTED: _____          DENIED: _____

**(AGREED BY ALL PARTIES.)**

45.      **Reference to Fraud by Moscovitch:** Any reference to or testimony about any fraud (including tax evasion, fraud on investors, or other issue) allegedly committed by Jerry

Moscovitch or MASS, as it is not relevant to any issue in the case and/or the prejudicial effect outweights the probative value.  FRE 401-403.

GRANTED: _____        DENIED: _____

**(AGREED BY ALL PARTIES.)**


46.    WITHDRAWN.


47.     WITHDRAWN.


48.    WITHDRAWN.


49.    WITHDRAWN.


50.    WITHDRAWN.


51.    **E-Book is not prior art**:

Any argument or evidence that, in the "ready for patenting" analysis for determining something's status as possible  "prior art," the E-Book worked for the intended purpose of an invention other than the purpose for the ebook -- *i.e.* improperly comparing the functionality, completeness or readiness for patenting of the eBook to the alleged purpose of the invention defined in claims 16 and 17 of the '978 patent.  For the prior public use or sale of a device more than a year before the filing date of a later claimed invention to constitute "prior art" under § 102(b) and § 103, the device must be ready for patenting at the time of the prior use or sale. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 66-67 (1998); *Invitrogen Corp. v. Biocrest Mfg., L.P.*,

424 F.3d 1374, 1379 (Fed. Cir. 2005).  Something is ready for patenting if it was (a) reduced to practice before the critical date, or (b) prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention.  *Pfaff*, 525 U.S. at 66-67 (1998).  To demonstrate a reduction to practice, a party must prove that the inventor "determined that the invention would work for its intended purpose."  *In re Omeprazole Patent Litigation*, 536 F.3d 1361, 1373 (Fed. Cir. 2008) (citations omitted).  In particular, *at the time of the prior use or sale*, the inventor(s) must have determined that *the device that was publicly used or sold* would work for its intended purpose.  *Id*. at 1373-74 (holding that the formulation alleged to be publicly used prior to the critical date of the later-patented invention was <u>not</u> reduced to practice because the evidence showed that at the time of the alleged public use, the inventors had not determined that the formulation would work for its intended purpose).

Thus, for purposes of evaluating whether or not the E-Book was reduced to practice, the proper inquiry is whether the inventor of the E-Book, Mr. Moscovitch, had determined the E-Book would work for its intended purpose at the time of the alleged public use and/or sale. The legal test is not whether the E-Book worked for the intended purpose of a later claimed invention, *i.e.* the subject matter of claims 16 and 17 of the '978 patent. To allow argument that the E-Book was ready for patenting and thus was "prior art" by comparing it to the intended purpose of a later-claimed invention would be to apply the wrong legal test. As such, it would be irrelevant and highly prejudicial and must be excluded. FRE 401-403

GRANTED: _____          DENIED: _____

**(DISPUTED)**

52.    WITHDRAWN.

53.    WITHDRAWN.

54.    WITHDRAWN.

55.    WITHDRAWN.

56.    **Any Reference or Evidence to Experts' Hours Worked or Time Billed, or Hourly**

**Rate**:    The parties have agreed not to request the experts' bills in this case.  As such, any

testimony about this subject is irrelevant and prejudicial, except for amount paid and hourly rate.

FRE 401-403, 601.

GRANTED: _____     DENIED: _____

**(AGREED BY ALL PARTIES.)**

57.    WITHDRAWN.

58.    **All evidence of a defective reissue from the jury:**  Any evidence, testimony, opinion, or

argument regarding the mistake that led to the Reissue of Mass' '978 patent being made with

deceptive intent should be heard by the Court because this issue is an inequitable-conduct issue.

The Federal Circuit has squarely held that subjective intent of an inventor and his attorney is

irrelevant to this reissue:

> Subjective intent is not determinative of whether the applicants erred in claiming less
> than they had a right to claim. "Intent to claim" is not the criterion for reissue, and has
> been well described as "but judicial shorthand, signifying a means of measuring whether
> the statutorily required <u>error</u> is present." *In re Weiler*, 790 F.2d 1576, 1581, 229 USPQ
> 673, 676 (Fed.Cir.1986) (emphasis in original).  The statutory standard of reissuable error
> is objective, and does not require proof of subjective state of mind.

16

*Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1575 (Fed. Cir. 1991).

Rather, case after case has held that where there is a failure to claim the invention sufficiently broadly or understand the full scope of the invention, reissue is proper.  "Failure of the attorney to claim the invention sufficiently broadly 'is one of the most common sources of defects.'"  *Scripps Clinic*, 927 F.2d at 1575 (Fed. Cir. 1991) (quoting *In re Wilder*, 736 F.2d 1516 (Fed.Cir.1984)).  Indeed, *Scripps Clinic* further elaborates that "'[t]he fact that the error could have been discovered at the time of prosecution with a more thorough patentability search <u>or with improved communication between the inventors and the attorney</u> does not, by itself, preclude a patent owner from correcting defects through reissue.'"  *Id.* (quoting *Wilder*, 736 F.2d at 1519) (emphasis added); *In re Clement*, 131 F.3d 1464, 1468 (Fed. Cir. 1997)( "One of the most commonly asserted 'errors' in support of a broadening reissue is the failure of the patentee's attorney to appreciate the full scope of the invention during the prosecution of the original patent application . . ..  This form of error has generally been accepted as sufficient to satisfy the 'error' requirement of § 251.")

The issue whether error was committed is equitable in nature and thus more appropriate for a judge rather than a jury.  *See Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472, 1479 (Fed Cir. 1998) ("In considering the 'error' requirement, we keep in mind that the reissue statute is 'based on fundamental principles of equity and fairness'[.]").  For these reasons, allowing the Defendants to suggest that the error requirement of reissue was improper based upon Mr. Waraksa or Mr. Moscovitch's intent would be contrary to law and irrelevant, and would be unduly prejudicial and would certainly confuse the jury.  Fed. R. Evid. 401, 403.

Finally, as discussed in more detail in Plaintiffs' Response to Ergotron's Summary Judgment Motion for Invalidity, see Docket No. 494, a reissue application is proper if the attorney failed to appreciate the scope of the claim.  Here, Mr. Moscovitch's attorney Mirek

Waraksa specifically stated that he failed to appreciate the scope of the claims.  Therefore, there is no factual dispute about any deceptive reissue, and for this reason alone, this Court should not allow a jury to hear these arguments, especially considering the risk of undue prejudice to MASS.  *See* Fed. R. Evid. 401, 403.

GRANTED: _____        DENIED: _____

**(DISPUTED)**


DATED: October 22, 2008                         Respectfully submitted,

/s/ John M. Neukom_____
Max L. Tribble, Jr., State Bar No. 20213950
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666
mtribble@susmangodfrey.com

Lead Attorney for Jerry Moscovitch and
MASS Engineered Design, Inc.

OF COUNSEL:

Justin A. Nelson, State Bar No. 24034766
John M. Neukom, WA Bar No. 36986
**SUSMAN GODFREY L.L.P.**
1201Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883
jnelson@susmangodfrey.com
jneukom@susmangodfrey.com

Stephen F. Schlather, State Bar No. 24007993
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666
sschlather@susmangodfrey.com

Otis W. Carroll
State Bar No. 03895700
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
P. O. Box 7879
Tyler, Texas 75711
Telephone:  (903) 561-1600
Facsimile:  (903) 561-1071
nancy@icklaw.com

Franklin Jones, Jr., State Bar No. 00000055
**JONES & JONES, INC., P.C.**
201 West Houston Street
P. O. Drawer 1249
Marshall, Texas 75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360
maizieh@millerfirm.com

Gregory L. Maag, State Bar No. 12748500
Jonathan M. Harris, State Bar No. 00796713
**CONLEY ROSE, P.C.**
600 Travis Street, Suite 7100
Houston, Texas 77002
Telephone:  (713) 238-8000
Facsimile:  (713) 238-8088
gmaag@conleyrose.com
jharris@conleyrose.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Robert M. Parker, State Bar No. 15498000
Christopher Bunt, State Bar No. 00787165
Charles Ainsworth, State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
rmparker@pbatyler.com

rcbunt@pbatyler.com
charley@pbatyler.com

Attorneys for Jerry Moscovitch and
MASS Engineered Design, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 22nd day of October, 2008 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).


/s/ John M. Neukom_____
John M. Neukom