IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, | § § § § § | |
| vs. | § § | CASE NO. 2:06 CV 272 |
| ERGOTRON, INC., CDW CORPORATION, TECH DATA CORPORATION | § § § § | PATENT CASE |
| and | § § | |
| DELL Inc., DELL MARKETING L.P. | § § | |

VERDICT FORM

In answering these questions, you are to follow all of the instructions I have given you in the Court's Charge.

### INFRINGEMENT OF THE '978 PATENT

1. Did Plaintiffs prove by a preponderance of the evidence that Defendants infringe Claims 16 and/or 17 of the '978 patent?

    Answer "Yes" or "No" for each Defendant and Claim.

    |           | Claim 16 | Claim 17 |
    |-----------|----------|----------|
    | Ergotron  | yes      | yes      |
    | Dell      | yes      | yes      |
    | Tech Data | yes      | yes      |
    | CDW       | yes      | yes      |

    If you answered "Yes" for Ergotron or Dell on either (or both) claim, answer the next question. If not, skip it.

2. Did Plaintiffs prove by clear and convincing evidence that Ergotron's and Dell's infringement was willful?

1

Answer "Yes" or "No" for each.

*Ergotron*   Yes
*Dell*       Yes

## VALIDITY OF THE '978 PATENT

3. Did Defendants prove by clear and convincing evidence that the claims of the '978 patent are invalid?

   If you find the claim invalid answer "Yes," otherwise answer "No."

   *Claim 16*   No
   *Claim 17*   No

## '978 PATENT DAMAGES

**If you have found any claim infringed and valid, answer questions 4 and 5, otherwise do not answer questions 4 and 5.**

4. What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiffs for Defendants' infringement of the '978 patent?

   Answer with the amount: $ 3,000,000

5. Of the total damages awarded in Question 4 please list the amount, if any, you find from a preponderance of the evidence attributable to each defendant listed below.

   **Please note, the total of the sums listed below may exceed the total infringement damages found by you in Question 4, because the same infringement damages can be attributable to more than one defendant. The amounts found by you in this Question may be used by the Court to apportion damages between the defendants, but in no event will Plaintiffs recover damages in excess of the total damages found by you in answer to Question 4.**

   *Ergotron:*   $   1,500,000
   *Dell:*       $     500,000
   *CDW:*        $     500,000
   *Tech Data:*  $     500,000

## '170 PATENT COUNTER-CLAIM

6. Did Mass prove by a preponderance of the evidence that it received an implied license to the '170 patent?

   Answer "Yes" or "No": _No_

   **If you answered "Yes" to this question, skip the next two questions, proceed to the end of this verdict form, and sign and date where indicated. If you answered "No" to this question, proceed to the next question.**

7. Did Dell prove by clear and convincing evidence that Mass's infringement was willful?

   Answer "Yes" or "No": _Yes_

8. What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Dell for Mass's infringement of the '170 patent?

   Answer with the amount: $_120,000_


Signed this _19th_ day of November, 2008


_____
JURY FOREPERSON