IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., And JERRY MOSCOVITCH, | § § § | |
| Plaintiffs, Counter - defendants, Cross-claimants, | § § § § | CASE NO.  2:06 CV 272 PATENT CASE |
| vs. | § § | |
| ERGOTRON, INC., *et. al.*, | § § | |
| Defendants, Counterclaimants | § § § | |
| and | § § | |
| DELL MARKETING L.P., | § § § | |
| Intervenor - Defendant, Counterclaimant | § § § | |

## ORDER FOR PERMANENT INJUNCTION

In the trial of the matter identified above, the jury determined that Dell, Inc., Dell Marketing, L.P., Ergotron, Inc., Tech Data Corporation, and CDW Corporation (collectively "Defendants") infringed one or more claims of U.S. Patent No. RE 36,978 (the "'978 Patent"). Likewise, in the trial, Defendants were unsuccessful in proving the '978 Patent was invalid. Plaintiffs Mass Engineered Design, Inc. and Jerry Moscovitch (collectively "Mass") moved for an order permanently enjoining each of the Defendants from further infringing the '978 Patent. On the basis of the full record at trial, and for the reasons and based on the evidence outlined in the Court's Memorandum Opinion and Order of April 17, 2009, the Court has determined that a permanent injunction is necessary and appropriate in this case.

Therefore, the Court **ORDERS** that:

1. Dell, Inc., Dell Marketing, L.P., Ergotron, Inc., CDW Corporation, and Tech Data Corporation are each hereby permanently enjoined, during the enforceable term of the '978 Patent, from making, using, selling, or offering to sell in the United States, and also from importing into the United States, the products that were adjudicated and are listed below, and any variant of those products that are not more than colorably different:

| Product Name | Model # |
|---|---|
| LX Dual Display Lift Stand | 33-299-195 (design prior to July 31, 2007)[1] |
| LX Triple Display Lift Stand | 33-296-195 (design prior to July 31, 2007)[2] |
| DS100 Dual Monitor Desk Stand, Horizontal | 33-092-200<br>33-092-100<br>33-093-200<br>33-138-200<br>33-139-200<br>33-140-200<br>33-282-200 |
| DS100 Dual Monitor Desk Stand, Horizontal, with Desk Clamp combined with Desk | 33-099-200<br>33-101-200 |
| DS100 Dual Monitor Desk Stand, Horizontal, with Grommet combined with Desk | 33-100-200 |

---

[1] The LX Dual Display Lift Stand (Model # 33-299-195) was redesigned by July 2007. The same model number was used before and after the redesign. The design sold prior to July 31, 2007 was adjudicated. The design sold after July 31, 2007 was not accused of infringement.

[2] The LX Triple Display Lift Stand (Model # 33-296-195) was redesigned by July 2007. The same model number was used before and after the redesign. The design sold prior to July 31, 2007 was adjudicated. The design sold after July 31, 2007 was not accused of infringement.

| DS100 Triple Monitor Desk Stand | 33-095-200<br>33-094-200<br>33-203-200<br>33-291-200<br>33-249-200 (1x3) |
|---|---|
| DS100 Quad Monitor Desk Stand | 33-096-200<br>33-150-200<br>33-151-200<br>33-168-200<br>33-170-200<br>33-234-200 (2x3) |
| DS100 Quad Monitor Desk Stand, Horizontal | 33-284-200 |
| View Sonic Dual-Monitor Stand | DS-ERG-33-092 |
| View Sonic Triple-Monitor Stand | DS-ERG-33-095 |
| View Sonic Quad Monitor Stand | DS-ERG-33-096 |

2.  Each Defendant shall take immediate steps to comply with this Order and shall comply within ten (10) days of the entry of this Order.

**So ORDERED and SIGNED this 7th day of May, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**