IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., And JERRY MOSCOVITCH, § § § | | |
| Plaintiffs, Counter - defendants, Cross-claimants, § § § | CASE NO. 2:06 CV 272 PATENT CASE | |
| vs. § § | | |
| ERGOTRON, INC., *et. al.*, § § | | |
| Defendants, Counterclaimants § § | | |
| and § § | | |
| DELL MARKETING L.P., § § | | |
| Intervenor - Defendant, Counterclaimant § § § | | |

**FINAL JUDGMENT**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, consistent with the Court's Memorandum Opinion and Order of April 17, 2009, and in consideration of the jury verdict delivered on November 19, 2008, and the entirety of the record available to this Court, the Court **ORDERS AND ENTERS FINAL JUDGMENT** as follows:

- Defendants Ergotron, Inc., CDW Corporation, Tech Data Corporation, Dell, Inc., and Dell Marketing, L.P. (collectively "Defendants") are each found to have unlawfully infringed U.S. Patent No. RE 36,978 (the "'978 Patent").

- Defendants Ergotron, Dell, and Dell Marketing are found to have infringed the '978 Patent willfully.

- The '978 Patent is valid and enforceable, and neither Mass Engineered Design, Inc. ("Mass") nor Jerry Moscovitch engaged in inequitable conduct with respect to the '978 Patent.

- The Court awards damages to Mass for Defendants' infringement of the '978 Patent in the amount of $3,000,000.  In particular, Ergotron shall pay Mass $1,500,000, Dell and Dell Marketing, jointly and severally, shall pay Mass $500,000, CDW shall pay Mass $500,000, and Tech Data shall pay Mass $500,000.

- Mass shall be entitled to post-judgment interest per 28 U.S.C. § 1961 for any time period between the entry of this Final Judgment and the date upon which Mass receives payment from each Defendant as ordered herein.

- Defendants are enjoined from infringing the '978 Patent, the terms of which injunction are contained in a separate Order of this Court.

- Mass and Mr. Moscovitch are not liable for infringement of U.S. Patent No. 5,673,170 (the "'170 Patent") on the bases that (i) Mass and Mr. Moscovitch are found to have an implied license on the '170 Patent, and (ii) Dell and Dell Marketing are equitably estopped from asserting the '170 Patent against Mass and Mr. Moscovitch.

- Except for the Court's more detailed injunction terms as contained in a separate Order, all relief not specifically granted herein is **DENIED**.

- All pending motions not previously resolved are **DENIED.**

So ORDERED and SIGNED this 7th day of May, 2009.



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**